## 58441. JACKSON v. BEKELE.

BIRDSONG, Judge.

Plaintiff Jackson, appellant here, sued Bekele and the Persian Townhouse Apartments for torts and damages arising from wrongful eviction and malicious abuse of process in defendant's having executed a dispossessory warrant against her. Plaintiff's complaint alleged that at the time of defendant's actions against her for eviction, no rent was due and owing and she was in compliance with all of the provisions of the lease. From the record on appeal and those allegations of the parties which are uncontroverted and consistent with the record, the following profusion of procedural irregularities appears from the proceedings below: Appellee Bekele, through his attorney of record, did timely answer plaintiff Jackson's complaint as is reflected by an entry in the clerk's docket, but the answer was lost or at least was not

present in the original file; Bekele's attorney's name as attorney of record did not appear on the published calendar of cases called for trial; Bekele's attorney became aware of the trial proceedings in the case and upon entering the courtroom after the trial had begun, he was denied admission to represent the defendant and was ordered to leave the courtroom on grounds that he had no affiliation with the case; in open court Jackson's attorney related he did not know who Bekele's counsel was or otherwise would have cooperated with Bekele's counsel. On that day, April 5, 1978, the jury rendered a $14,400 default verdict against Bekele and his co-defendant. Bekele then filed a timely motion to set aside that verdict; the rule nisi signed by the court on May 4, 1978, setting the hearing date for that motion by defendant states that the *defendant* was served with a copy of the motion and that the *defendant* shall appear and show cause why an order setting aside the verdict should not be granted to the defendant; on May 19, the court issued an order that, sufficient grounds existing therefor and there being no appearances for the adverse party, the judgment of April 5 against defendant be set aside. On May 31, 1978, the plaintiff Jackson filed a motion to set aside the court's order setting aside the judgment and a motion for new hearing, giving as grounds that neither Jackson nor Jackson's attorney was present at the May 19 hearing on defendant Bekele's motion to set aside "due to a leave of absence which [Jackson's] attorney had obtained through the court." The documents requesting and granting leaves of absence from April 12 through May 5, and from May 15, 1978 through May 22, 1978, are in the record but are not marked as to date of filing. The record shows that the notice of Jackson's attorney's leave of absence from May 15 until May 22, was mailed by Jackson's attorney to Bekele's attorney on May 4, the same day defendant Bekele filed his motion to set aside the judgment against him and the same day he filed the rule nisi requiring *defendant* to show cause on May 19 why defendant's motion to set aside should not be granted. (Bekele's attorney says he never received notice of Jackson's attorney's leave of absence; Jackson's attorney says he never received notice that a hearing to set aside would be

held May 19, when he should have been protected by the grant of leave of absence.) Jackson's motion to set aside the order setting aside the judgment for Bekele was denied, and on June 16, 1978, Jackson gave notice of appeal to this court "from an Order of the State Court of Fulton County . . . on [May 19, 1978] in which the Court ordered: (a) that the judgment entered in the above-styled action on April 5, 1978 be satisfied [sic]." We dismissed the appeal as premature, since the trial court's order setting aside the default verdict and judgment was not a final appealable order. *Jackson v. Bekele,* 148 Ga. App. 221 (251 SE2d 140).

In the meantime, on May 26, 1978, Bekele, whose answer to the plaintiff's complaint had been reinstated, moved for summary judgment on the grounds that Jackson had sued the wrong parties, and gave in support thereof the affidavits of Bekele and his attorney to the effect that Bekele was not doing business as the Persian Townhouse Apartments but was only the resident manager. This motion for summary judgment by Bekele was certified as served by mail on Jackson's attorney on May 26, 1978; nowhere does it appear that a date was set for hearing on the motion for summary judgment. Eight months later (and 21 days after the case came back to the trial court on remittitur from this court) on January 5, 1979, Bekele filed a motion to compel production of documents, namely, plaintiff's rent receipts and cancelled rent checks; the "Rule Nisi on Motion to Compel" set the hearing date on that motion to compel for February 16, 1979. On February 16, at the hearing on Bekele's motion to compel, Bekele's attorney presented and filed his personal affidavit "in support of motion for summary judgment" showing that he, the attorney, had a proprietary interest in the defendant apartment complex, and had custody of the records of the apartment complex and that according to his own knowledge, plaintiff Notria Jackson, who rented an apartment there, had moved and left said apartment vacant for the duration of the lease, owing just rent and future rent; and further, that defendant Solomon Bekele had issued a dispossessory warrant for nonpayment of rent and plaintiff did not file any answer nor pay any sum due in the registry of the

court. Plaintiff denies, and it does not appear, that this affidavit was served upon the plaintiff. Neither plaintiff Jackson nor her attorney was present at the hearing on motion to compel when this affidavit in support of summary judgment was presented and filed. The trial court's order issued that day, February 16, 1979, recites that the case came before the court *on motion of defendant for summary judgment* filed May 26, 1978, said motion having been published, and "[n]o resistance to said Motion having been filed, it is ordered that the complaint of plaintiff be dismissed and the defendant shall have judgment against plaintiff in the sum of $1080.00, all costs of this action shall be taxed against the plaintiff." Plaintiff Jackson moved to set aside judgment in favor of defendant; from the trial court's denial of that motion, Jackson appeals. *Held:*

1. Jackson advances as error, first, the trial court's failure to recognize the leave of absence which had been granted her attorney for a period including the day set for hearing on defendant appellee's motion to set aside the verdict and judgment of April 5, 1978; and, secondly, the consequent setting aside of the verdict in plaintiff's absence and on grounds unjustified and contrary to the evidence appellant would have presented at that hearing. It would, ordinarily, be error to proceed in the case while plaintiff should have been protected by leave of absence of her attorney. *Eatonton Oil &c. Co. v. Ledbetter,* 174 Ga. 715, 719 (163 SE 891). Appellant Jackson moved to set aside that order setting aside the verdict and judgment, on grounds that her attorney had been protected by leave of absence and that the order was contrary to evidence appellant would have presented; however, appellant submitted a brief to the trial court in support of her motion which argued only that ground based on the conduct of the proceeding while plaintiff's attorney was on leave of absence. Neither the pleadings before the trial court, nor any before this court, show any matter of substance which would render the court's order setting aside the verdict an abuse of discretion or harmful error. Defendant was not in default, but through accident and mistake not shown to be his own, was prevented from defending his cause, and that alone is sufficient to have the verdict against him set

aside. The motion to set aside the verdict and judgment was in substance a motion for new trial. See *Dollar v. Fred W. Amend Co.,* 58 Ga. App. 797, 798 (199 SE 845). For good reason, the trial court granted it (see Code § 70-208); and appellant showed nothing in her motion to set aside that ruling which would indicate that the trial court's grant of new trial, or setting aside the verdict and judgment, was an abuse of discretion.

2. The grant of summary judgment to appellee Bekele was error. Bekele filed motion for summary judgment in May, 1978, on grounds that the wrong parties had been sued; no hearing was set and nothing further was done when the case was automatically superseded by Jackson's first appeal on June 16, 1978. Eight months later, and twenty-one days after the case returned to the trial court on remittitur from this court, Bekele filed a motion to compel production of documents. The summary judgment in his favor was obtained by Bekele in Jackson's absence at the hearing on motion to compel, without notice to Jackson, without notice that summary judgment would be heard, without notice that a judgment for money damages would be sought on grounds entirely distinct from those plead in the summary judgment motion in May, 1978, and by support of an affidavit of which Jackson had likewise no notice. We have no difficulty in holding the grant to be error (Code §§ 81A-156 (c); 81A-107 (b) (1); 81A-105 (a)). We reverse, and remand the case to the trial court with the case in its posture at the motion to compel production of documents filed in January, 1979.

*Judgment reversed and remanded with direction. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED NOVEMBER 19, 1979.

*Antonio L. Thomas,* for appellant.
*Fred F. Filsoof,* for appellee.