73613. FREEMAN v. THE STATE.
(356 SE2d 718)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of violation of the Georgia Controlled Substances Act (possession of cocaine and possession of less than one ounce of marijuana). The sole issue raised by defendant on appeal is the sufficiency of the evidence. *Held*:

The State's evidence shows that police received information from a confidential informant, and acting on that information, went to a location in Brunswick seeking defendant. The police expected to find defendant in possession of cocaine and marijuana, and intended to arrest him for that offense. When police found defendant they approached him, "advised him not to run, just stand there," but defendant "ended up taking off running." The police pursued defendant and in the course of the chase Officer Jordan observed defendant "pulling something out of his left pocket and [the officer] observed him throw it and when he did, [the officer] observed it being a clear plastic bag containing a leafy material." Later in the chase Officer Jordan observed defendant "pulling something out of his right, front pocket. When he had it in his hand, [the officer] observed it to appear to be a matchbox, and observed him throw this down on the ground." After defendant was apprehended Officer Jordan recovered the items discarded by defendant during the chase. The item which had appeared to be a matchbox during the chase was found to be a staple box (a box normally used for containing staples for an office stapler). Any possibility of a mistake in regard to the identity of the items discarded by defendant during the chase was diminished by the fact that it had rained earlier in the day and while the items discarded by defendant were dry the surrounding items on the ground were wet. Inside the staple box were "seven (7) corners of plastic bags secured with wire ties, containing a white powdery substance." The white

powdery substance and the leafy material from the plastic bag were tested by the crime laboratory and determined to be cocaine and less than one ounce of marijuana.

The evidence presented at trial was sufficient to enable any rational trier of fact to find defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Felton v. State*, 181 Ga. App. 160, 161 (1) (351 SE2d 488).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 16, 1987.

*John W. Davis, Donald E. Manning*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.