A89A2029. FREEMAN v. CITY OF BRUNSWICK et al.
(388 SE2d 746)

McMURRAY, Presiding Judge.

On July 20, 1988, pro se plaintiff Freeman filed his "civil rights complaint" against defendant City of Brunswick and against three Brunswick police officers, defendants Jordan, Holloway, and Haddock. The complaint alleges that the individual defendants, while acting under color of state law, illegally arrested plaintiff and deprived plaintiff of his right to due process of law, right to equal protection of the law, and right to be secure in his person, liberty, effects, and property, and to be free from unreasonable searches and seizures. The incident during which plaintiff was placed under arrest for possession of cocaine and of less than one ounce of marijuana allegedly occurred on September 13, 1985. See *Freeman v. State*, 182 Ga. App. 654 (356 SE2d 718).

Defendants answered, denying the averments of plaintiff's complaint and raising numerous defenses. Subsequently, defendants filed their joint motion for summary judgment. Plaintiff appeals from the grant of defendants' motion for summary judgment. *Held*:

Plaintiff contends that summary judgment was granted to defendants without notice to plaintiff in that defendants did not perfect service upon plaintiff. See *Jackson v. Bekele*, 152 Ga. App. 417, 421 (2) (263 SE2d 225). "The record shows that service was perfected by mail. This is permissible. [OCGA § 9-11-5 (b).] Standing unrefuted this fact of service in the record controls." *Farr v. Farr*, 120 Ga. App. 762 (172 SE2d 158). See also *Allen v. Bd. of Tax Assessors of Paulding County*, 247 Ga. 568 (277 SE2d 660). Nothing in the record shows an attempt by plaintiff to refute the fact of service prior to this appeal, therefore this enumeration of error is without merit. *Tyson v. Automotive Controls Corp.*, 147 Ga. App. 409 (1) (249 SE2d 99).

Additionally, we note that the grant of defendants' motion for summary judgment was correct on the merits. The alleged deprivation of plaintiff's constitutional rights occurred on September 13, 1985, and the complaint in the case sub judice was filed on July 21, 1988. Plaintiff's claim having arisen more than two years prior to the filing of this action, plaintiff's claim is barred by the statute of limitation set out in OCGA § 9-3-33. Even viewing plaintiff's claim as arising under 42 USCA § 1983, the applicable statute of limitation remains

the two-year period provided by OCGA § 9-3-33. *Wilson v. Garcia*, 471 U. S. 261 (105 SC 1938, 85 LE2d 254); *Williams v. City of Atlanta*, 794 F2d 624, 627 (2) (11th Cir. 1986).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989.

William J. Freeman, *pro se.*

*Dickey, Whelchel, Brown & Readdick, B. Kaye Katz,* for appellees.