### A97A0557. PURVIS v. BALLANTINE et al.
(487 SE2d 14)

BLACKBURN, Judge.

Carol Purvis sued John Ballantine, Jim Klein, Vernon Payne, and Melanie James for defamation. Purvis, the former superintendent of the Clarke County school system, claims that the defendants made defamatory statements regarding his performance and administration as superintendent. The trial court granted the defendants' motion for summary judgment, and we affirm.

1. Purvis contends the grant of the motion for summary judgment is null and void for two reasons. First, he contends the court's ruling is void because it resulted from an abuse of discretion — the denial of his request for a continuance. Second, he contends the court was without jurisdiction to grant summary judgment, due to his voluntary dismissal of the action.

(a) The grant or denial of a request for continuance lies within the discretion of the trial court, see OCGA § 9-10-167 (a), and will not be disturbed on appeal absent an abuse of discretion. See *Americani v. Sidky*, 199 Ga. App. 823, 824 (2) (406 SE2d 259) (1991). The record indicates that due to the voluntary recusal of a Clarke County judge from the case, all motions were being heard in Gwinnett County. Just prior to the hearing on the motion for summary judgment, Purvis' counsel called the judge's office in Gwinnett County and requested a continuance, as he had apparently gone to the wrong courthouse. This request was denied, and Purvis contends the denial amounted to an abuse of discretion.

Assuming for purposes of argument that the continuance request met all the statutory requirements, see OCGA §§ 9-10-155 and 9-10-166, we find no abuse of discretion. The rule nisi setting the hearing clearly specified the location of the hearing as Gwinnett County, and both parties were notified of this fact. The judge also noted on the record at the summary judgment hearing that the court and all counsel had determined on a previous occasion that all motions would be heard in Gwinnett County.

The court further noted that upon the denial of his request for continuance, Purvis' counsel stated that he would stand on his briefs. The court stated that because it had read and thoroughly considered Purvis' briefs, he had been heard. The defendants presented no oral argument at the hearing, and the court based its decision upon the briefs. On these facts, we cannot say that the trial court abused its discretion in denying Purvis' request for a continuance.

(b) Following the denial of his request for a continuance and the court's oral pronouncement of summary judgment, but before the summary judgment was reduced to writing and filed with the clerk, Purvis voluntarily dismissed his action. For this reason, he claims the court was without jurisdiction to grant the defendants' motion for summary judgment.[1] However, "[a] plaintiff cannot dismiss an action between the time the court *announces* its judgment and the time the judgment is actually written and entered." *Lotman v. Adamson Contracting*, 219 Ga. App. 898, 899 (467 SE2d 224) (1996). Since the

---

[1] The court orally announced its ruling on the summary judgment motion no later than 1:30 p.m. on September 5, 1996, though this judgment was not reduced to writing until later. Purvis' dismissal was filed at 2:27 p.m. on September 5.

court's announcement of summary judgment preceded Purvis' dismissal, the dismissal was null and void. Purvis' argument that the court lacked jurisdiction to enter summary judgment is accordingly without merit.

Purvis' reliance upon *Jackson v. Bekele*, 152 Ga. App. 417 (263 SE2d 225) (1979), is misplaced. Summary judgment was improperly granted in *Jackson* because it was entered at a hearing on a motion to compel in the absence of the nonmoving party, and without notice to that party that summary judgment would be heard. Id. at 421 (2). Inasmuch as Purvis had notice of the summary judgment hearing and an opportunity to be heard, see OCGA § 9-11-56 (c), *Jackson* provides no support for his position.

2. Purvis contends the trial court erred in granting two motions for protective orders made by nonparties. The record indicates that hearings were held on these matters. "However, because there is no transcript of the hearing[s] on the motion[s] for . . . protective order[s], this enumeration presents nothing for review." *Turner Advertising Co. v. Garcia*, 251 Ga. 46, 49 (5) (302 SE2d 547) (1983).

3. Purvis alleges the trial court erred in granting the defendants' motion for summary judgment on the merits.

The facts show that during July 1994, after Purvis had retired from the superintendency in 1991, an audit was conducted of the school system's finances. The audit raised questions as to whether or not the school system had made all of its required payments to the Teacher's Retirement System during Purvis' administration. This issue was discussed at a Board of Education meeting on July 14, 1994. At the meeting, Ballantine, Klein, and Payne all made statements which were reported in a newspaper article published on July 19, 1994. At the time, Ballantine was superintendent, and Klein and Payne were Board of Education members. Thereafter, Ballantine and James, who was the school district's director of accounting, were interviewed for a July 24, 1994 newspaper article on this same issue.

Purvis' defamation claims are twofold. First, he contends the statements made at the Board of Education meeting by Ballantine, Klein, and Payne and reported in the July 19 newspaper article were defamatory. Second, he argues that Ballantine's and James' statements contained in the July 24 newspaper article further defamed him. According to Purvis, all the statements were defamatory because they implied that his superintendency was so poor that his administration failed to make a required payment to the Teacher's Retirement System, when in fact, all payments had been made. The defendants deny that their statements were defamatory.

In determining whether or not summary judgment was appropriately granted in this defamation case, we are bound by the United States Supreme Court's decisions in this area. Among those cases are

*New York Times Co. v. Sullivan*, 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964) and *Gertz v. Robert Welch, Inc.*, 418 U. S. 323 (94 SC 2997, 41 LE2d 789) (1974). Pursuant to the holdings of *Sullivan* and *Gertz*, if Purvis was either a public official or a public figure, in order to prevail on his claim for defamation, he must show that the alleged defamatory statements were made with "actual malice — that is, with knowledge that [they were] false or with reckless disregard of whether [they were] false or not." (Citation and punctuation omitted.) *Byers v. Southeastern Newspaper Corp.*, 161 Ga. App. 717, 718-719 (288 SE2d 698) (1982). Purvis argues that he was not a public official or figure, and therefore he need not show actual malice.

Whether an individual is a public official or figure is a mixed question of law and fact for the court's determination. *Brewer v. Rogers*, 211 Ga. App. 343, 347 (439 SE2d 77) (1993). This determination is made on a case-by-case basis. Id. As to "public officials," "[i]t is clear . . . that the 'public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." *Rosenblatt v. Baer*, 383 U. S. 75, 85 (86 SC 669, 15 LE2d 597) (1966).

In this case, the evidence shows that Purvis was superintendent of the Clarke County school system from July 1982 through December 1991. As such, he was the school system's chief executive and operating officer, and he kept the public informed about the operation of the school system. He was interviewed by the newspapers on nearly a weekly basis regarding the school system, and twice weekly he broadcast a radio program to the public about the status of the school system. He routinely made personnel, administrative, and budgetary decisions affecting the school system, which consisted of over 10,000 students, and dealt with all major problems in every aspect of the school district's operation.

On these facts, we hold that Purvis, as superintendent of the Clarke County school system, was a public official. Relying upon the reasoning of *New York Times Co. v. Sullivan*, supra, in *Ellerbee v. Mills*, 262 Ga. 516, 517 (422 SE2d 539) (1992), it was noted that public officials are generally involved in the conduct of government, that they are policymakers, and that they have greater access to the media than do private individuals. As superintendent, Purvis met all of these criteria. He was an integral policymaker for the entire Clarke County school system, was involved in the conduct of that system, and as such, had greater access to the media than would a private individual. Under *Baer*, supra, Purvis had "substantial responsibility for or control over the conduct" of the Clarke County school system and its 10,000 students. *Baer*, supra at 85.

Our analysis is not changed by the fact that the allegedly defam-

atory statements were uttered three years after Purvis retired from the superintendency. In *Baer,* supra, the United States Supreme Court noted that the fact that the supervisor of a public recreation area was no longer employed in that capacity when he was allegedly defamed was not of decisional significance. *Baer,* supra at 87, n. 14. The Court stated, "[t]o be sure, there may be cases where a person is so far removed from a former position of authority that comment on the manner in which he performed his responsibilities no longer has the interest necessary to justify the *New York Times [v. Sullivan]* rule. But here the management of the [recreation] [a]rea was still a matter of lively public interest . . . and public interest in the way in which the prior administration had done its task continued strong. The comment, if it referred to respondent, referred to his performance of duty as a county employee." Id.

The same elements are present here. Because the school system was $4.4 million in debt at the end of 1991 when Purvis retired, its budget remained "a matter of lively public interest" even after his departure from the superintendency. Under the reasoning of *Baer,* at the time the statements concerning the alleged missed payment were made in 1994, "public interest in the way in which the prior administration had done its task continued strong." Id. Additionally, the allegedly defamatory statements, to the extent they referred to Purvis, were related solely to his performance as superintendent of schools.

It is therefore incumbent upon Purvis to show that any of the defendants' statements, whether made at the school board meeting or published in subsequent newspaper articles, were made with actual malice. In support of their motion for summary judgment, the defendants each presented affidavits which said that the statements made by them were made in good faith, and with a good faith belief that the statements were true and correct when spoken, and that none of them had ever made a false statement or charge concerning Purvis with actual malice or reckless disregard for the truth of such statement.

This evidence shifted the burden to Purvis to point to evidence of actual malice. "On summary judgment, a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. The nonmoving party cannot then rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). This rule has equal force in defamation cases." *Stange v. Cox Enterprises,* 211 Ga. App. 731, 732 (1) (440 SE2d 503) (1994).

Purvis has failed to point to any evidence of actual malice giving rise to a triable issue. "The public official in a defamation action must show actual malice with 'convincing clarity.' *New York Times Co. v. Sullivan*, supra. . . . The requirement of clear and convincing evidence of actual malice is equally applicable in ruling upon a motion for summary judgment." *Stange*, supra at 733 (2). Contrary to Purvis' assertion, the defendants' depositions contain no evidence of actual malice. Nor is their refusal to retract their statements clear and convincing evidence that the statements themselves were made with knowledge of their falsity or reckless disregard for their falsity. In light of this evidence, summary judgment for the defendants was proper.

4. Due to our holding in Division 3, we need not address the parties' arguments concerning privilege and the statute of limitation. See OCGA §§ 51-5-7 (9); 9-3-33.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 23, 1997.
 Before Judge Fuller from Gwinnett County.

*Lawrence S. McLarty*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Charles G. Ragsdale*, for appellees.

*Ellen L. Whitaker*, amicus curiae.