A03A1868. MITSUBISHI MOTORS CREDIT OF AMERICA, INC. v. ROBINSON & STEPHENS, INC.

(587 SE2d 146)

ELDRIDGE, Judge.

Mitsubishi Motors Credit of America, Inc., the owner of a leased vehicle, appeals from the denial of the motion to set aside the default judgment on the foreclosure action under the Abandoned Motor Vehicles Act by Robinson & Stephens, Inc., an Atlanta wrecker company under contract with the City of Atlanta, which hauled in the abandoned vehicle. In the foreclosure procedure, Robinson & Stephens sent the notice of foreclosure not to Mitsubishi's address but to an address with which Mitsubishi had no connection in the wrong state. The trial court refused to set aside the judgment and affirmed the foreclosure. Finding legal error, we reverse.

Mitsubishi is located at 6363 Katella Avenue, Cypress, California, 90630, and has no other offices in the United States. The Ohio Bureau of Motor Vehicles had on record the title certificate showing the previous owner as Rick Case Mitsubishi, 18300 Rockside Road, Bedford, Ohio, and the present owner as Mitsubishi Motors Credit of America, Inc., 6363 Katella Avenue, Cypress, California, 90630.

In 1998, an individual leased the new 1998 Mitsubishi Diamante priced at $32,700 from an independent car dealership, Rick Case Mitsubishi. The dealership was located at 18300 Rockside Road, Bedford, Ohio. The lessee failed to make the first lease payment and disappeared with the vehicle. The name of the lessee was false on the lease, i.e., Harold S. Jones, at 12600 Rockside Road, Garfield Heights, Ohio, 44123.

This dealership assigned its right, title, and interest as lessor to Mitsubishi and applied for the transfer of the title certificate to Mitsubishi as the new owner of the car. The State of Ohio issued title to Mitsubishi as the owner of the Diamante, showing the correct

address on the title certificate of 6363 Katella Avenue, Cypress, California, 90630, but also showing the dealership's address at 18300 Rockside Road, Bedford, Ohio, 44146.

Later in 1998, Robinson located the Diamante abandoned along an Atlanta road and took possession of the car. Robinson requested the Diamante's "title record" from the Ohio Bureau of Motor Vehicles. The Ohio Bureau sent Robinson a response which consisted of two pages as well as a cover sheet; the cover sheet stated that "[a] search of th[e] [Bureau's] records: [s]hows the following Certificate of Title information as being the last record. (see attached [pages].)" The two pages contained three addresses: the first address on the attached pages was the correct address for Mitsubishi, i.e., 6363 Katella Avenue, Cypress, California, 90630; the address on the cover sheet stated as Mitsubishi's address 12600 Rockside Road, Bedford, Ohio, 44146; the first address was the address of Rick Case Mitsubishi, the car dealer's address, i.e., 18300 Rockside Road, Bedford, Ohio, 44146, as previous owner. The address on the cover sheet and the last address was given as 12600 Rockside Road, Bedford, Ohio, 44146, as Mitsubishi's address.

Robinson mailed notice to Mitsubishi at the 12600 Rockside Road, Bedford, Ohio, 44146 address but did not send notices to the other two addresses contained in the Bureau's information. The Robinson employee had no actual knowledge whether or not such was the correct address of Mitsubishi. In fact, Mitsubishi had no employee, agent, or office at 12600 Rockside Road, Bedford, Ohio, 44146. Therefore, Mitsubishi never received notice or service of process. Mitsubishi had a registered agent for service in Cleveland, Ohio, who was not given notice.

On December 16, 1998, Robinson filed its "Affidavit for Foreclosure of Lien on Abandoned Motor Vehicle" in the Magistrate Court of Fulton County. Robinson's affidavit erroneously alleged that Mitsubishi's address was "12600 Rockside Road, Bedford OH, 44146." The magistrate court clerk did nothing to verify whether the address was Mitsubishi's address. Relying upon the correctness of the affidavit, the clerk mailed the foreclosure action to Mitsubishi at the wrong address in the affidavit. The clerk's practice was to send the notice to whatever address was in the affidavit whether it was a good or bad address, because the clerk had no personal knowledge whether the address 12600 Rockside Road, Bedford, Ohio, was the address for Mitsubishi.

As a result of the lack of notice, Mitsubishi filed no response, and on January 26, 1999, the Magistrate Court of Fulton County entered a default judgment, granting Robinson's lien foreclosure in Case No. 2002cv56149.

Under OCGA § 15-10-43 (g), on December 14, 2001, Mitsubishi

filed a separate action in Case No. 2002cv56098 in magistrate court to set aside the default judgment. At the same time, Mitsubishi filed a motion to withhold disbursement of funds from the registry of the court and to refund previous disbursements from the registry in the foreclosure action in Case No. 2002cv56149. The magistrate court heard these cases and denied them. On appeal to the superior court, Mitsubishi moved for summary judgment, which was denied.

On trial, Mitsubishi's employee testified that it did not receive notice of the foreclosure, because the notice had been mailed to the wrong address for Mitsubishi. Robinson's employee knew that she had sent the notice to 12600 Rockside Road, Bedford, Ohio, 44146, but had no personal knowledge that such was Mitsubishi's address. The clerk of the magistrate court did not have personal knowledge of Mitsubishi's address and did not verify the address given by Robinson prior to serving Mitsubishi. The trial court denied Mitsubishi's motion for directed verdict.

1. Mitsubishi contends that the trial court erred in denying the motion for directed verdict for violating due process for failure of notice of the foreclosure action. We agree.

It is fundamental where notice to property owners is required by statute prior to action affecting their vested property rights, due process under both the 1983 Constitution of Georgia and the United States Constitution mandates adequate notice that is reasonably likely to actually provide notice.[1]

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.[2]

"Constitutional due process of law includes notice and hearing as a matter of right where one's property interests are involved." *Hamilton v. Edwards*, 245 Ga. 810, 811 (267 SE2d 246) (1980). "When notice is required by law to be given to a party who has the right . . . [to] respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt." Id. at 812. Mailing

---

[1] Art. I, Sec. I, Par. I of the 1983 Constitution of Georgia and the Fifth and Fourteenth Amendments of the United States Constitution.

[2] (Citations omitted.) *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314-315 (70 SC 652, 94 LE 865) (1950); accord *Hamilton v. Edwards*, 245 Ga. 810, 811 (267 SE2d 246) (1980).

a legal notice to the wrong address provides no notice and may violate due process; therefore, failure to provide any notice, as in this case, violates due process. *Castellana v. Conyers Toyota, Inc.*, 200 Ga. App. 161 (407 SE2d 64) (1991). When a party has not been provided service or notice of the action, to set aside the default judgment is not only authorized, but it would constitute an abuse of discretion to fail to do so. See OCGA §§ 9-11-60 (d); 15-10-43 (g); *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (2) (471 SE2d 845) (1996) (setting aside judgment for lack of notice authorized). See also *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173, 175-176 (3) (288 SE2d 565) (1982) (a due process notice violation is tantamount to lack of personal jurisdiction over the person for OCGA § 9-11-60 (d)).

In the trial below, there was no evidence that Mitsubishi received the demand notice for removal and storage fees from Robinson or from the clerk on the foreclosure action, because the notice was sent to the wrong address; in fact, the evidence showed that the notice went to the wrong address and that Mitsubishi never received any notice. OCGA § 40-11-5 (2), (4) (A); *Carrier Transicold Div. v. Southeast Appraisal Resource Assoc.*, 233 Ga. App. 176, 177 (504 SE2d 25) (1998). Robinson received three addresses with the title information; at the minimum, Robinson should have sent notice to all three addresses and had the clerk also send notices to all three addresses. Thus, the trial court should have directed the verdict upon the motion of Mitsubishi; failure to do so was clearly erroneous. OCGA § 9-11-50; *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759 (1) (564 SE2d 8) (2002).

2. The second enumeration of error is controlled by Division 1.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 26, 2003 —
RECONSIDERATIONS DENIED SEPTEMBER 11, 2003 — 

*Kilpatrick Stockton, Ted H. Clarkson, Burleigh L. Singleton*, for appellant.

*Osgood A. Williams*, for appellee.