A07A0384. MITSUBISHI MOTORS CREDIT OF AMERICA, INC. v. SHERIDAN et al.
(650 SE2d 357)

ADAMS, Judge.

Timothy Sheridan and Lamphone Chomthipe-Sheridan filed suit against Mitsubishi Motors Credit of America, Inc. for trespass, negligence, and theft arising out of what they deemed to be an unlawful repossession of a car. The Sheridans purchased the car for value and without notice of any problems with title. But the car had

previously changed hands as a result of a foreclosure sale, and after the Sheridans filed their suit, Mitsubishi, the original and true owner, successfully petitioned to set aside the foreclosure judgment. See *Mitsubishi Motors Credit of America v. Robinson & Stephens, Inc.*, 263 Ga. App. 168 (587 SE2d 146) (2003). The question before us is whether the Sheridans' claims must fail as a result.

The Sheridans purchased and obtained a Georgia title for a Mitsubishi Diamante that had been stolen, abandoned, foreclosed upon, and resold prior to the time they purchased it. *Mitsubishi Motors*, 263 Ga. App. at 168-169. Mitsubishi, whose only offices were located in California at the time of the foreclosure, never received notice of the foreclosure; and once it located the car, it caused the car to be repossessed from the Sheridans' property in Georgia. Id. Thereafter, the Sheridans brought the present suit against Mitsubishi and the repossessing company — Southeast Investigations & Recovery, Inc. ("SEIR") (the tort action). Mitsubishi countered with a direct action to set aside the foreclosure in the court in which it was granted. Id. at 169-170. The Sheridans' suit was stayed pending resolution of Mitsubishi's motion to set aside. The trial court denied Mitsubishi's motion for directed verdict in the foreclosure action, but this Court reversed that ruling and held that Mitsubishi was entitled to have the foreclosure set aside because it never received, nor was it sent, notice of the foreclosure action. Id. at 171 (1).

After the foreclosure was set aside, both Mitsubishi and SEIR moved for summary judgment in the tort action. The State Court of Fulton County denied both defendants' motions. This Court granted Mitsubishi's application for interlocutory appeal on April 14, 2006.[1] The question before us now, given that the foreclosure has been set aside, is whether Mitsubishi is entitled to summary judgment on the Sheridans' claims.

"The standard for granting summary judgment is that the moving party must demonstrate that there is no genuine issue of material fact and that [the] undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Martin v. North American Van Lines*, 226 Ga. App. 187, 188 (485 SE2d 815) (1997).

Mitsubishi contends that because the foreclosure has been set aside, the Sheridans cannot establish ownership of the vehicle, which is fatal to all of their claims. The Sheridans argue that the foreclosure of May 26, 2000, extinguished Mitsubishi's title to the car and allowed for its sale "free and clear of any and all liens and encumbrances." Therefore they were the rightful owners of the Diamante from

---

[1] Although SEIR has filed an "amicus" brief, it has not appealed.

October 13, 2000, when they purchased the car and title was issued to them, until August 31, 2004, when the foreclosure was set aside. They reason that because the foreclosure was binding on all parties until it was set aside, they are entitled to any and all damages accruing to them beginning with the wrongful repossession and running through that time.

1. This Court held that failure to provide Mitsubishi with notice of the foreclosure proceeding was a due process violation that was tantamount to lack of personal jurisdiction. *Mitsubishi Motors*, 263 Ga. App. at 171. See also *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173, 175-176 (3) (288 SE2d 565) (1982) (due process notice violation is a similar evil as lack of personal jurisdiction over the person for OCGA § 9-11-60 (d)). "The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 9-12-16. See also *Buckhorn Ventures, LLC v. Forsyth County*, 262 Ga. App. 299, 301 (585 SE2d 229) (2003), and cases cited therein (the appellate courts have found judgments void for causes other than the lack of jurisdiction).

Thus, it has now been established that the foreclosure judgment is void and not binding. This Court thoroughly addressed the impact of void judgments in *Jowers & Son v. Kirkpatrick Hardware Co.*, 21 Ga. App. 751-752 (2)-(3) (94 SE 1044) (1918), when it held:

> A void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. . . . The fact that an execution was issued on a void judgment and levied does not give vitality to the judgment.

(Citation and punctuation omitted.) See also *Canal Ins. Co. v. Cambron*, 240 Ga. 708, 710 (242 SE2d 32) (1978) ("Since 1852 it has been the law of Georgia that when a court purports to render judgment beyond its jurisdiction, the judgment is void as to a third person, and

may be impeached whenever and wherever it is sought to be used as a valid judgment.") (punctuation and emphasis omitted). See generally *Winn v. Armour & Co.*, 184 Ga. 769, 772 (193 SE 447) (1937) ("If the judgment and execution are void in the hands of the original judgment creditor, they are void and without effect, even though transferred and assigned to another for a valuable consideration, and may be so held in a proper proceeding.").

It may be true, as the Sheridans assert, that "a void judgment that is not void on its face is nevertheless 'binding upon the parties until set aside by a direct attack in the court where it was obtained. (Cits.)' *Long v. Long*, 117 Ga. App. 606, 608 (2) (161 SE2d 417) (1968)." *Peters v. Hyatt Legal Svcs.*, 211 Ga. App. 587, 589 (440 SE2d 222) (1993) (physical precedent only). But the Supreme Court of Georgia has ruled that judgments which lack either personal or subject matter jurisdiction are considered to be void on their face. *Murphy v. Murphy*, 263 Ga. 280, 282-283 (430 SE2d 749) (1993).

2. The Sheridans admit that their claims "turn on the issue of the effect of the . . . Foreclosure Order," and they do not argue that they are entitled to pursue their claims in the face of a void judgment. In addition, we note that a plaintiff must be the true owner of property with title thereto to prevail in a trover action for the conversion of that property. *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 345 (6) (392 SE2d 855) (1990). Similarly, there can be no claim of trespass to personalty against the true owner. OCGA § 51-10-2 (2000) ("Interference with the mere possession of a chattel, even if the possession is without title or is wrongful, shall give a right of action to the possessor, *except as against the true owner or the person wrongfully deprived of possession*."). With regard to the Sheridans' claim of negligence, they have failed to provide any evidence of a duty owed by Mitsubishi that was breached.

The trial court erred by failing to enter summary judgment in favor of Mitsubishi.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 11, 2007 —
RECONSIDERATION DENIED JULY 26, 2007 —

*Kilpatrick Stockton, Burleigh L. Singleton*, for appellant.
*Rumsey & Ramsey, Ronald L. Cundy*, for appellees.
*Webb, Carlock, Copeland, Semler & Stair, James R. Doyle, Ashley S. Harris*, amici curiae.