## A07A0989. HATCH v. HATCH.
(652 SE2d 874)

JOHNSON, Presiding Judge.

Laurie Hatch filed an application for discretionary review of the trial court's judgment granting Jeffrey Hatch's complaint for modification of child custody and support. We granted the application. For the reasons that follow, we vacate the judgment and remand the case to the trial court.

In 1998, the DeKalb County Superior Court awarded Laurie Hatch ("the mother") primary physical custody of the Hatches' then six-year-old child. Jeffrey Hatch ("the father") was granted visitation and ordered to pay child support. The mother and child resided in DeKalb County.

In December 2005, while the child was visiting with the father at his residence in Spalding County, the mother traveled to Pennsylvania. While the mother was in Pennsylvania, the father filed a complaint in Spalding County to modify custody and support. He alleged that the mother had moved to Pennsylvania, that there was a material change in circumstances, and that the child desired to live with him. He had the mother served with process in Pennsylvania on January 12, 2006. On February 8, the mother mailed to the Spalding County clerk's office the following handwritten letter:

Re: File # 05V-1952
Jeff Hatch - plaintiff
Laurie Hatch - defendant

Clerk, Superior Court

To whom it may concern:

> I acknowledge receipt of this petition on January 12, 2006. As of yet I am not represented by an attorney, but I will welcome any challenge as to this case on my own.

Laurie M. Hatch

The document was stamped and filed in the clerk's office. The father's attorney states he was not served with a copy of this letter, but that

he did receive a similar handwritten letter in which the mother acknowledged receipt of the petition, noted that she was not yet represented by an attorney, and stated that she welcomed any conversation regarding the case.

On March 30, 2006, the father's attorney sought and obtained an ex parte order awarding temporary physical custody to the father and visitation to the mother. The mother retained an attorney, who filed an answer to the complaint for modification of custody on May 15, 2006. In her answer, the mother denied having moved from Georgia or being a resident of Pennsylvania, and challenged venue and the Spalding County court's jurisdiction.

A final hearing was scheduled for June 9, 2006. Both parents, their attorneys and the child appeared. An unreported conference was held in chambers. On July 11, 2006 the court entered an order stating that it considered the statements of the child, concluded that the child wished to reside with her father, and awarded physical custody to the father.

The mother moved to set aside the order, for a new trial, and to dismiss the action. She appeals from the trial court's denial of those motions.

1. The mother contends the trial court erred by holding that she waived issues of jurisdiction and venue when she failed to raise them in the responsive pleading she mailed to the clerk's office in February 2006. We agree with the mother that no waiver occurred in this case.

It is true that a defense of lack of jurisdiction over the person or improper venue is waived if neither made by motion nor included in a responsive pleading as originally filed.[1] By pleading to the merits of the case and not raising any defense of lack of jurisdiction of the person or improper venue, a person waives those objections.[2] We note that while a party may by her conduct waive a legal right, her acts or omissions to act relied upon should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right, that no other reasonable explanation of her conduct is possible.[3]

The father contends that the mother's pro se response constituted an answer and, because her response failed to raise the issues of improper venue and lack of jurisdiction, any challenges to jurisdiction and venue were waived. However, the mother's response was not treated as an answer or responsive pleading when it was filed. In

---

[1] OCGA § 9-11-12 (h) (1) (B); see *Bonner v. Bonner*, 272 Ga. 545, 546 (1) (533 SE2d 72) (2000).

[2] *Roberts v. Bienert*, 183 Ga. App. 751, 753 (2) (360 SE2d 25) (1987); *Barolia v. Pirani*, 260 Ga. App. 513, 513-514 (1) (580 SE2d 297) (2003).

[3] *Roberts*, supra at 755 (2).

a March 29, 2006 letter which father's counsel sent to the trial court and to the mother, the father's attorney stated that the mother was served but "has not filed a response." In its temporary order of March 30, 2006, the trial court noted that the mother was served but filed no responsive pleadings.

Then, at the hearing, no one treated the letter as an answer which worked to waive jurisdiction and venue challenges. The judge remarked that the mother's attorney raised "a very good point" regarding where the case should be heard.[4] The judge stated, however, that he was opposed to prolonging the case another six to twelve months, "traveling to DeKalb County one more time to another courthouse," so that the child can tell a DeKalb County judge "the same thing she's told me," just to have a judge in DeKalb County make the same decision he was making in Spalding County. The judge added that the jurisdictional issue is "a technical thing," and it may not be beneficial to the child in the long run to draw the case out when the result would be the same regardless of where the case was heard. There was no discussion of waiver at the hearing at all (despite the statement in the order prepared by the father's attorney that the issues were waived), only whether it would be preferable to try the case in Spalding County. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.[5]

Furthermore, we hardly think that the letter submitted in this case is a responsive pleading of the sort contemplated in OCGA § 9-11-12 (h) (1) as working a waiver of jurisdiction and venue. The mother's letter *does not plead to the merits* of the case.[6] Her letter contains no admissions or denials of any kind.[7] Before anything of substance occurred in this case, at the moment in which the mother first pleaded to the merits or raised any defenses whatsoever, she

---

[4] The beginning of the hearing was held in chambers and was not reported. The second part of the hearing was held in the courtroom and was reported. The transcript is part of the record on appeal.

[5] See OCGA § 9-11-15 (b).

[6] *Roberts*, supra at 753 (2) (lack of jurisdiction defense waived if defendant *pleads to the merits* and fails to raise the defense). Compare *Maalouf v. Knight*, 237 Ga. App. 509, 510-511 (2) (515 SE2d 650) (1999) (defendant waived defenses by, among other things, filing a pleading contesting damages then filing a pleading contesting jurisdiction and venue weeks later).

[7] See *Glenco-Belvedere Animal Hosp. v. Winters*, 129 Ga. App. 621 (200 SE2d 506) (1973) (appearance card containing no admissions, denials or statements of inability to answer does not meet the standards for a pleading for OCGA § 9-11-12 (b) purposes). Compare *Ahmad v. Excell Petroleum*, 276 Ga. App. 167, 168-169 (1) (623 SE2d 6) (2005) (pro se letter to court setting forth case number and denying the debt constituted an answer, and defendant waived jurisdiction defense by failing to raise issue in letter); *Barrell v. Gibson*, 153 Ga. App. 621 (266 SE2d 308) (1980) (short, signed letter denying indebtedness constituted general denial and was adequate as an answer).

raised the issues of jurisdiction and venue. Under the circumstances presented in this case, the issues were not waived.

2. The mother contends the trial court lacked jurisdiction, and erred in allowing the father to re-litigate custody in Spalding County when the original order was entered in and the custodial parent lived in DeKalb County. We agree.

It is not clear from the record whether the mother was a resident of DeKalb County, Georgia, or Pennsylvania at the time the modification petition was filed. In either case, jurisdiction and venue were proper in DeKalb County, not Spalding County. This is because if the mother (as the legal custodian) was a resident of DeKalb County, the father was required to file the complaint seeking to change custody in DeKalb County.[8] If the mother was a resident of Pennsylvania, the father was required by the Uniform Child Custody Jurisdiction and Enforcement Act to file the complaint in DeKalb County, the county in which the custody determination was initially made.[9] A judgment entered by a court lacking jurisdiction is void.[10] Accordingly, all orders of the Spalding County court in this case are vacated. The case is remanded with direction that it be transferred to the appropriate court.

3. In light of the foregoing, we need not address the mother's remaining enumerations of error.

*Judgment vacated and case remanded with direction. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 15, 2007.

*Penny D. Furr*, for appellant.
*Johnston, Owen & Bullard, Lance N. Owen*, for appellee.

---

[8] OCGA § 19-9-23 (a).

[9] See OCGA § 19-9-62 (a) (except as provided in OCGA § 19-9-64, a court of this state which has made a child custody determination consistent with OCGA § 19-9-61 or § 19-9-63 has exclusive, continuing jurisdiction); see *Upchurch v. Smith*, 281 Ga. 28 (635 SE2d 710) (2006); *Fish v. Fish*, 266 Ga. App. 224 (596 SE2d 654) (2004).

[10] *Mitsubishi Motors Credit of America v. Sheridan*, 286 Ga. App. 791 (650 SE2d 357) (2007).