### A11A2129. LOWE v. LOWE.
(725 SE2d 820)

ADAMS, Judge.

We granted Elisa M. Lowe's pro se application for discretionary appeal from an order entered by the Superior Court of Paulding County (Paulding Court) denying her motion to set aside, motion for new trial, and request for sanctions in this case arising out of a child custody dispute.[1] We agree with Ms. Lowe that the Paulding Court lacked jurisdiction over the child custody modification petition filed by the father/appellee, Michael L. Lowe, and thus erred by denying the mother's motion to set aside.

Before we turn to the recitation of the facts and analysis of the issues, we note that we are troubled by the fact that the father failed to file a response to the application for discretionary appeal and has also failed to file an appellee's brief in this ensuing appeal. By failing to file a brief on appeal, the father has failed to controvert the facts as set forth in the mother's brief; pursuant to our Rules, this failure "shall constitute consent to a decision based on the appellant's statement of facts. [Further, e]xcept as controverted, appellant's statement of facts may be accepted by this Court as true." See Court of Appeals Rule 25 (b) (1).

Turning now to the pertinent facts, the record and the mother's

---

[1] Even though orders in child custody cases are directly appealable pursuant to OCGA § 5-6-34 (a) (11), appeals from orders denying a motion to set aside under OCGA § 9-11-60 require an application for discretionary appeal. *Avren v. Garten*, 289 Ga. 186, 191-192 (7) (710 SE2d 130) (2011).

brief disclose the following: The parties were divorced in April 2000. The divorce decree was entered by the Superior Court of Coweta County (Coweta Court), and the mother was awarded sole custody of the parties' two minor children. The mother subsequently filed a petition to modify child support and visitation and a motion for contempt in the Coweta Court, and on August 14, 2001, after noting the father had failed to appear at the hearing on those matters, the court entered an order modifying the father's support obligations and visitation; further the father was held in contempt for willful violation of the divorce decree, and was ordered to appear and purge himself of the contempt or face the possibility of incarceration.

In January 2004, the father filed a petition for modification of child support and custody in the Coweta Court. Pursuant to the father's request, and without a hearing being held, an ex parte temporary custody order was entered giving the father custody of the children. However, after a hearing was held, that order was vacated and the original custody order was reinstated, apparently with some modifications.

A specially set final hearing was held on April 12, 2005. Following that hearing the father's attorney apparently drafted a "final order," but the parties' attorneys did not agree on the terms of the proposed order, and it was never executed. Apparently no further action was taken in that case until it appeared on a peremptory calendar in December 2008, and at that time, the case was dismissed for lack of prosecution.

On March 4, 2008, prior to the dismissal of the Coweta modification action, the father filed another Complaint for Change of Custody in the Paulding Court, where he resided. The father alleged that the mother had been residing in Fulton County but had left the State and, disregarding the fact that the Coweta modification action was still pending, alleged that although the Coweta Court had previously granted the parties' divorce and heard a subsequent modification case, Coweta County had no interest in the case because none of the parties resided there. Further, the father alleged that he was not aware of any other pending proceeding concerning the children, and he stated that although the final order in the Coweta case had not been executed, pursuant to that order the parties had joint legal and joint physical custody of the children and had been proceeding pursuant to the terms of that order as to custody. Moreover, although the father stated that the final order was attached as Exhibit "E" to the complaint, the order was not attached to the complaint, and in fact it appears that it was not filed with the Paulding County clerk's office until after the appeal was docketed in this case.

Additionally, as he had also done in the Coweta case, the father

obtained an ex parte emergency order granting him temporary legal and physical custody of the children. In that order, the Paulding Court referred to the father's previously filed Coweta modification action, and it noted "[t]hat case was resolved by a hearing that awarded the Parties joint legal and joint physical custody of the children." As noted above, however, at that time the Coweta County case remained pending and the "final order" in that case had never been executed and had not been filed with the Paulding Court.

Again, just as in the Coweta case, when the mother was given an opportunity to appear before the Paulding Court, that court reversed itself and returned custody of the children to the mother. In that order, the Paulding Court further noted that the "visitation schedule previously followed by the parties shall continue once the father is released from jail."

On June 30, 2008, the father's attorney, Martin E. Valbuena, sent the father a letter, which referenced a Paulding case and a Coweta case,[2] stating his intent to file a motion to withdraw because of the non-payment of fees. In that letter, the attorney notified the father that "The Superior Courts of Paulding and Coweta Counties retain jurisdiction of these actions." Valbuena filed his motion to withdraw as counsel on July 16, 2008, and an order permitting the withdrawal was filed on August 6, 2008.

After the dismissal order was entered in the Coweta case in December 2008, it appears no filings were made or orders entered in either the Coweta or the Paulding case until April 12, 2010, when the father filed a motion to set aside the dismissal order in the Coweta Court. At that time the father was once again being represented by Valbuena, and on July 6, 2010, Valbuena filed an entry of appearance in the Paulding Court as well as a rule nisi requesting a temporary hearing. On July 7, 2010, Valbuena filed affidavits on behalf of the children purporting to be their elections to live with the father in Florida. Although the entry of appearance and rule nisi were apparently served on the mother, there was no certificate of service filed with these affidavits, and the mother has stated in her brief that Valbuena did not send a copy of the executed affidavits to her.[3]

---

[2] The Coweta Court case number referenced does not appear to match that for the modification action, and apparently there were other filings in that court also, such as a contempt action.

[3] The mother has stated in her supplemental brief that the father's attorney, in response to her inquiry concerning the basis for the rule nisi and hearing, sent her un-executed election affidavits via e-mail, and she has requested that we have the record corrected by the trial court to reflect the true set of facts here. However, whether she was properly served with the executed affidavits is immaterial to the resolution of the issues raised in this appeal, and thus we decline to delay this case by ordering yet another supplementation of the record. Accordingly, the motion to supplement is hereby denied.

On July 14, 2010, the mother filed, inter alia, a motion to dismiss the father's request for a temporary hearing and a "Notice to the Court of Another Court Having Jurisdiction over Child Custody Matters Pursuant to OCGA § 19-9-62" as well as a request for sanctions. In this notice, she gave a brief outline of the history of these proceedings, including that the custody action in the Coweta case was pending at the time the father filed his complaint in the Paulding case, in which he specifically alleged that there were no pending actions concerning the children. Moreover, the mother also notified the Paulding Court that the father had filed a "Motion to Set Aside Order" in the Coweta Court on April 12, 2010, just two months prior to the filing of the request for a temporary hearing in the Paulding Court, and that at that time, that motion remained pending in the Coweta Court, as did a contempt action filed by the mother against the father for past due child support.

On August 10, 2010, the Paulding Court issued a temporary order, in which it noted the mother's objection to the court's jurisdiction based on improper venue, but found that the mother had waived her venue objection because at the time of the emergency hearing, in which the mother was successful in getting the Paulding Court to reverse its temporary ex parte order giving custody to the father, the mother was represented by an attorney who did not voice any objection to venue. Further the court found that the mother had failed during the two-and-a-half years the case had remained pending to file any pleadings raising a venue objection. The Paulding Court, based on the Minor Child Elections, then granted temporary primary physical custody to the father.

On November 2, 2010, the mother filed a motion to reconsider and attached a copy of this Court's opinion in *Hatch v. Hatch*, 287 Ga. App. 832 (652 SE2d 874) (2007), again arguing that the Paulding Court lacked jurisdiction over this matter. On November 16, 2010, the mother filed a "Demand for Abatement of Proceedings Due to Lack of Jurisdiction and Notification of Inquiry of Jurisdiction in Coweta Superior Court" in which she requested that the Paulding Court contact the Coweta Court to resolve the jurisdiction issue pursuant to OCGA § 19-9-62. On January 5, 2011, the Paulding Court entered a final order in which it expressly denied the mother's motion for reconsideration and jurisdictional challenge and, inter alia, awarded primary physical custody of the children to the father pursuant to their elections and the mother's consent.

The mother subsequently moved to set aside that order and renewed her motion for sanctions against the father and Valbuena for making false statements and untrue allegations. The trial court denied the mother's motion on April 6, 2011, and we granted the mother's application for discretionary appeal on May 25, 2011. We

now reverse as to the jurisdictional issue, and remand for a determination of whether sanctions are warranted in this case.

1. It appears in this case that at the time the father filed his complaint in Paulding County there was a pending custody modification action in Coweta County and thus the Coweta Court, not the Paulding Court, had jurisdiction of the custody case. And even if the Coweta action had not been pending, the Paulding Court was without jurisdiction over this matter. In *Hatch v. Hatch*, 287 Ga. App. 832, which the mother aptly notes is remarkably similar to this case, we determined that jurisdiction and venue in a child custody case were proper in the county where the legal custodian resided and if the legal custodian resided out of state, then jurisdiction was proper in the county where the custody determination was initially made. Id. at 835 (2); see also OCGA §§ 19-9-23 (a) and 19-9-62 (a). Here, the father filed his complaint to change custody in Paulding County, which was his county of residence, stating that the mother had been a resident of Fulton County but had recently moved to Tennessee. Although it is unclear from the record exactly where the mother resided at the time the initial Paulding County complaint was filed, it is clear that the mother was not residing in Paulding County at that time. Thus, pursuant to the relevant Code sections and our opinion in *Hatch,* even if there had not been a pending action in the Coweta Court, the complaint should have been filed in either Coweta County or in the county where the legal guardian, who at that time was the mother, resided.[4]

Further, when the father requested a hearing in the Paulding Court in July 2010, he had shortly before returned to the Coweta Court and filed a motion to set aside the Coweta Court order which dismissed his modification action for want of prosecution. And it also appears that by that time the mother was once again residing in Coweta County and, in any event, that the Coweta Court had continuing jurisdiction pursuant to OCGA § 19-9-62 (a). Thus, nothing had occurred since the father initially filed the modification complaint in the Paulding Court and he sought a hearing in that court in July 2010 that would have changed the jurisdictional posture of this case.

In sum, we find that the Paulding Court erred by assuming jurisdiction of this custody matter. And because a judgment entered by a court lacking jurisdiction is void, all orders of the Paulding

---

[4] We note that although the father initially obtained a temporary emergency change of custody, once a hearing was held the Paulding Court returned the children to the mother. Thus, our holding here does not address the court's ability to assume temporary emergency jurisdiction to make a child custody determination pursuant to OCGA § 19-9-64 (a). See also *Taylor v. Curl*, 298 Ga. App. 45, 46 (679 SE2d 80) (2009).

County court in this case are vacated. *Hatch*, 287 Ga. App. at 835 (2).

2. Because we have held in Division 1 that the Paulding Court lacked subject matter jurisdiction in this case, it is unnecessary for us to consider the issues raised in the mother's second and third enumerations of error.

3. The mother also contends that the Paulding Court erred by refusing to consider her requests for sanctions against the father's attorney. We agree that the facts here warrant at least a hearing on this matter, and that upon remand the Paulding Court should consider whether it is the appropriate venue for such a hearing, and depending on that determination, either conduct a hearing or transfer the sanctions issue to the Coweta Court.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MARCH 9, 2012.

Elisa M. Lowe, *pro se.*
Martin E. Valbuena, for appellee.