**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 29, 2017**

# In the Court of Appeals of Georgia

A17A0448.  UDDIN  v.  COUNTRY  PLACE  CONDOMINIUM ASSOCIATION, INC.

BARNES, Presiding Judge.

Country Place Condominium Association, Inc. brought this action against Habeeb Uddin seeking judicial foreclosure of its lien against the condominium unit owned by Uddin and damages for unpaid association fees. The trial court subsequently awarded summary judgment to Country Place on its claims and entered final judgment in its favor against Uddin. On appeal, Uddin argues that he was never served with Country Place's motion for summary judgment and thus was never provided any notice or an opportunity to be heard on the motion before the trial court ruled on it. Notably, Country Place concedes on appeal that Uddin never received notice of its motion for summary judgment because the motion was mailed to the wrong address. Accordingly, we vacate the trial court's final order granting summary judgment to Country Place, and we remand the case to the trial court to afford Uddin

an opportunity to respond to the summary judgment motion before it is ruled upon by the trial court.

The relevant facts are undisputed. Uddin owned a condominium unit in the Country Place development that was subject to mandatory condominium association fees. Alleging that Uddin had failed to pay his association fees, Country Place filed this action against him seeking judicial foreclosure of its lien on his condominium unit and damages. The complaint alleged that Uddin currently resided at an address in Alpharetta, Georgia, and the affidavit of service stated that the summons and complaint had been served on a person over the age of 18 identified as "Mr. Muzaffer" at the Alpharetta address.

Proceeding pro se, Uddin filed an answer in which he denied any liability for unpaid association fees and also denied that he currently resided at the Alpharetta address alleged in the complaint. Uddin provided a different address in Atlanta as his current residence under his signature on his answer and on the notarized verification form filed with his answer.

Country Place moved for summary judgment on its claims. The certificate of service for the motion reflected that Country Place mailed its motion to Uddin at the Alpharetta address where the complaint had been served rather than to the Atlanta

2

address that Uddin had listed on his answer and verification. Uddin did not respond to the motion for summary judgment, and the trial court subsequently granted the motion and entered final judgment in favor of Country Place. Uddin retained counsel and filed the instant appeal.

> A motion for summary judgment is a vehicle for disposing of a controversy without the necessity of a trial. It is, as the description shows, a summary disposition of the issues in order to efficiently resolve litigation. Nevertheless, due process requires that the respondent not be surprised; rather, that he be given reasonable opportunity to refute the movant's showing that there are no genuine issues of material fact. It is error to grant a motion for summary judgment . . . without giving notice or the opportunity to be heard.

(Punctuation and footnotes omitted.) *Cofield v. Halpern Enterprises*, 316 Ga. App. 582, 583 (730 SE2d 63) (2012).

As to the service of a motion for summary judgment on a party in an ongoing proceeding, "the constitutional right to notice and due process can be satisfied through . . . service by mail in accordance with OCGA § 9-11-5 (b)." *Green Tree Servicing, LLC v. Jones*, 333 Ga. App. 184, 189 (2) (775 SE2d 714) (2015), citing *Southworth v. Southworth*, 265 Ga. 671, 674 (3) (461 SE2d 215) (1995). See *Freeman v. City of Brunswick*, 193 Ga. App. 635, 635 (388 SE2d 746) (1989). OCGA

3

§ 9-11-5 (b) provides, in relevant part, that service of a motion can be perfected on a party "by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court." But service by mail on the wrong address where "a simple review of the record would have revealed . . . [a] change in . . . address," with the result that the person intended to be served was deprived of an opportunity to be heard before the trial court ruled on the matter, violates due process and requires that the court's ruling be set aside. (Citation and punctuation omitted.) *Moore v. Davidson*, 292 Ga. App. 57, 59-60 (663 SE2d 766) (2008). See *Mitsubish Motors Credit of America v. Robinson & Stevens*, 263 Ga. App. 168, 171 (1) (587 SE2d 146) (2003).

In the present case, Uddin asserts that Country Place's motion for summary judgment was mailed to the wrong address, depriving him of notice and an opportunity to be heard on the motion before the trial court ruled on it, and Country Place, to its credit, agrees with Uddin's assertion. Consequently, we vacate the trial court's final order granting summary judgment to Country Place and remand for Uddin to have an opportunity to be heard before the motion is ruled upon by the trial court. See *Jackson v. Bekele*, 152 Ga. App. 417, 421 (2) (263 SE2d 225) (1979) (trial court erred in granting summary judgment where the party opposing the motion was

4

never given notice and opportunity to be heard on the motion). See *Green Tree Servicing, LLC*, 333 Ga. App. at 190 (2) (vacating trial court's order and remanding for further proceedings in light of failure to provide party with notice and opportunity to respond); *Moore*, 292 Ga. App. at 60 (setting aside order where legal notice was mailed to wrong address); *Mitsubish Motors Credit of America*, 263 Ga. App. at 171 (1) (setting aside order where legal notice was mailed to wrong address). In so ruling, we express no opinion as to the viability of any arguments or defenses Uddin may raise on remand in response to Country Place's summary judgment motion.

*Judgment vacated and case remanded with direction. McMillian and Mercier, JJ., concur*.