A04A0451. FISH v. FISH.
(596 SE2d 654)

BLACKBURN, Presiding Judge.

Following the trial court's dismissal of his complaint to modify custody, Jeffrey Fish has filed this discretionary appeal, contending that the trial court erred by finding, sua sponte, that it did not have

---

[6] OCGA § 17-8-75; *Fincher v. State*, 276 Ga. 480, 482 (4) (578 SE2d 102) (2003).

[7] (Citations omitted.) *Fincher*, supra.

continuing, exclusive jurisdiction over the matter pursuant to Georgia's version of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).[1] For the reasons set forth below, we reverse the trial court's determination that it lacked jurisdiction and remand with direction.

The record shows that, pursuant to a decree in the Superior Court of Gwinnett County, Georgia, filed on December 6, 1994, Jeffrey and Darby Fish were divorced. The final divorce decree and judgment provided the Fishes with joint legal custody of their two minor children, and sole physical custody of the children was given to Darby Fish. The agreement also provided Jeffrey Fish with visitation rights.

In 1996, Darby Fish moved to Florida with the two children, and they continue to reside there. Jeffrey Fish, on the other hand, has remained in the marital home in Georgia from the time of the divorce. On July 30, 1997, the trial court issued a consent order modifying Jeffrey Fish's visitation rights to accommodate for the fact that the children had been moved to Florida. With regard to this modification, Darby Fish agreed that she was subject to the jurisdiction of the Georgia court.

Following his son's fourteenth birthday, Jeffrey Fish, on July 14, 2003, filed a complaint for change of custody in the Superior Court of Gwinnett County, Georgia, indicating that his son had turned fourteen and wished to live with his father in Georgia. Pursuant to OCGA § 19-9-3 (a) (4): "In all custody cases in which the child has reached the age of 14 years, the child shall have the right to select the parent with whom he or she desires to live. The child's selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of the child." Darby Fish was served with summons and process for this action in Florida, and an affidavit from the Fishes' son stating his desire to live with his father was included with Jeffrey Fish's motion to change custody.

Acting sua sponte, without a motion by the parties or a hearing on the matter, the trial court dismissed Jeffrey Fish's action, holding:

> This Court finds it particularly significant that the Defendant and the minor child have resided in Florida for seven

---

[1] OCGA § 19-9-62. The UCCJEA became effective on July 1, 2001, thereby replacing its predecessor, the Uniform Child Custody Jurisdiction Act (UCCJA). The UCCJA was replaced because, in application, imprecision in its language often allowed for the existence of concurrent jurisdiction over custody matters in multiple states, thereby fostering competition among jurisdictions and forum shopping by the parties. The UCCJEA now remedies these earlier unintended problems by establishing continuing jurisdiction in the state in which the original custody decree was entered.

years; therefore, a majority of the evidence required to resolve the issues involved in this case is located in Florida. This Court hereby determines that, pursuant to OCGA § 19-9-62, neither the child nor the [mother] has a significant connection with Georgia and that substantial evidence is no longer available in Georgia concerning the child's care, protection, training, and personal relationships. Based on the foregoing, this Court determines that it does not have exclusive, continuing jurisdiction in this matter and hereby dismisses [the father's] complaint.

Jeffrey Fish now appeals this ruling.

Georgia has adopted the UCCJEA in order to decide cases such as this with uniformity and reliability. OCGA § 19-9-62 (a) provides:

(a) Except as otherwise provided in Code Section 19-9-64, a court of this state which has made a child custody determination consistent with Code Section 19-9-61 or 19-9-63 has exclusive, continuing jurisdiction over the determination until: (1) A court of this state determines that neither the child nor the child's parents or any person acting as a parent has a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or (2) A court of this state or a court of another state determines that neither the child nor the child's parents or any person acting as a parent presently resides in this state.

Thus, pursuant to this statute, the Superior Court of Gwinnett County retains exclusive, continuing jurisdiction over the Fishes' custody matter until it determines that one of the above two situations is present. In this case, the facts do not support a finding that continuing, exclusive jurisdiction did not exist.

As an initial matter, there is no contention that the original custody determination is not "a child custody determination consistent with Code Section 19-9-61 or 19-9-63."[2] Therefore, one must look to the provisions of OCGA § 19-9-62 (a) (1) and (a) (2) to determine if Georgia retains continuing, exclusive jurisdiction.

Under OCGA § 19-9-62 (a) (2), Georgia would retain continuing, exclusive jurisdiction over this matter, as Jeffrey Fish, who is a custodial parent here and has physical custody of his son for at least a portion of the year, continues to reside in this state. Jurisdiction,

---

[2] OCGA § 19-9-62 (a).

however, may also be lost under OCGA § 19-9-62 (a) (1). For this to occur, two findings must be made: (1) neither the child nor the child's parents or any person acting as a parent has a significant connection with this state; and (2) substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.

Under the facts of this case, it cannot be said that neither the child nor the child's parents lack a significant connection to Georgia. It is undisputed that Jeffrey Fish continues to live in Georgia and has never left. It is also undisputed that, after moving to Florida, Darby Fish agreed that she was subject to the jurisdiction of the Georgia court and agreed to a modification of the original visitation agreement whereby, in addition to the visitation originally granted to Jeffrey Fish, the children would stay with their father in Georgia for the month of July each year and during their spring break from school. In addition, Darby Fish agreed to pay for six round trip flights to and from Florida each year.

Based on Jeffrey Fish's continuous residency, the significant relationship he maintains with his children, and the extended custodial visitation of his children in this State, it cannot be said that neither the children nor the parents in this case have a substantial connection with Georgia. Moreover, it is also significant that, in order to facilitate her move to Florida, Darby Fish agreed to the jurisdiction of the Georgia court to modify the original custody agreement between the parties. She cannot now evade that jurisdiction based on her residency in a different state, as that is the exact result that the UCCJEA was designed to prevent. As such, Georgia does retain continuing, exclusive jurisdiction over this custody matter, and, to the extent that the trial court found otherwise, it erred.

Even when a Georgia court retains continuing, exclusive jurisdiction, however, it may determine that this state has become an inconvenient forum for further custody considerations. See OCGA § 19-9-67. The trial court did not rely on this authority, however, as a basis for its ruling.

*Judgment reversed and case remanded. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 25, 2004 —
RECONSIDERATION DENIED MARCH 12, 2004.

*Thomas A. Camp,* for appellant.
Darby S. Fish, *pro se.*
*McGee & Oxford, Patrick J. McGee,* for appellee.