## S06A1099. UPCHURCH v. SMITH.
### (635 SE2d 710)

HUNSTEIN, Presiding Justice.

Appellant William Upchurch appeals from both a Fulton County order transferring his petition for modification of child custody to Cobb County and the Cobb County order denying his petition on the merits. Finding no error, we affirm.

The record reveals that Upchurch and appellee Michele Smith were divorced in Fulton County in 1999. The final divorce decree awarded the parties joint legal and physical custody of their two minor children and named Upchurch as the primary physical custodian. Smith received primary physical custody of the children shortly thereafter by a consent agreement that was not incorporated into a Fulton County court order until 2002. By that time, Smith and the children had been residing in Cobb County for over six months. Accordingly, when Upchurch petitioned for change of custody in July 2002, he filed his modification action in Cobb County. After receiving testimony and argument of the parties, the Cobb trial court in February 2004 denied the modification action.

Smith and the children moved to California in August 2004. A month later, Upchurch filed the instant action in Fulton County to modify custody and child support. Smith answered, raising affirmative defenses of improper jurisdiction and venue. She thereafter moved to transfer the action to Cobb County because it was her county of residence prior to her move to California. The court granted the motion to transfer and denied Upchurch's request for a certificate

of immediate review. After a full hearing, the Cobb County court denied Upchurch's petition to modify custody and support.

1. Upchurch contends it was error to transfer the child custody modification action to Cobb County because under OCGA § 19-9-61 of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) the initial child custody determination in this case was made by a Fulton County court. However, the applicable provision of the UCCJEA is OCGA § 19-9-62 (a), which recognizes that exclusive continuing jurisdiction lies in the court of this State "which has made a child custody determination consistent with [OCGA § 19-9-61]" until: (1) a court of this State determines that no pertinent party has a significant relationship with the State and substantial evidence concerning the child's welfare is no longer available in the State or (2) there is a judicial determination that no pertinent party presently resides in this State. OCGA § 19-9-62 (a). The question thus is whether the Cobb County court's February 2004 order qualified as a child custody determination under OCGA § 19-9-62 (a).[1] It is undisputed that Smith and the children had resided in Cobb County for more than six months prior to Upchurch filing his 2002 modification action; that under OCGA § 19-9-23 Cobb County was the proper venue for that action; and that neither of the events enumerated in OCGA § 19-9-62 (a), which would extinguish Cobb County's continuing jurisdiction, has occurred. Accordingly, we find that the Cobb County court in its 2004 order made a child custody determination consistent with the principles of OCGA § 19-9-61. See OCGA § 19-9-41 (3) ("child custody determination" defined to include orders modifying legal or physical custody with respect to a child). Under the UCCJEA, therefore, Cobb County had exclusive, continuing jurisdiction over its child custody determination, see OCGA § 19-9-62 (a), and the proper venue for modification of that determination was Cobb County. See *Devito v. Devito*, 280 Ga. 367 (1) (628 SE2d 108) (2006).

Contrary to Upchurch's argument, *Devito* does not demand a different result. In *Devito*, the initial child custody determination was the only child custody determination made and venue was properly placed in the court with continuing jurisdiction under OCGA § 19-9-62 (a).

2. Because the evidence did not demand a finding in favor of Upchurch, we find no abuse of discretion in the trial court's denial of his petition to modify custody and to reduce child support. See *Moccia*

---

[1] We reject Smith's argument that venue in this case is determined by OCGA § 19-9-23 inasmuch as that provision is part of the Georgia Child Custody Intrastate Jurisdiction Act and has no application to out-of-state defendants. See OCGA §§ 19-9-20, 19-9-21.

v. *Moccia*, 277 Ga. 571 (1) (592 SE2d 664) (2004); *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003).
    *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Deanna H. Powell*, for appellant.
*Allen, Kopet & Boyd, Matthew D. Gansereit*, for appellee.