## A08A1800. HALL v. WELLBORN.

(673 SE2d 341)

DOYLE, Judge.

Elizabeth Hall appeals pro se the dismissal of her petition to enforce custody of J. H., her minor child, arguing that the trial court erred in determining that it lacked jurisdiction over her petition. Because a Florida court with exclusive, continuing jurisdiction over the custody dispute has awarded primary custody of Hall's minor child to the father, we discern no error.

The record shows that, in December 2003, as part of a divorce proceeding between Hall and her former husband, who is not a party to this action, the Superior Court of Bibb County, Georgia, awarded temporary custody of J. H. to the mother and ordered paternity testing as to J. H. In May 2004, the order was modified relieving the ex-husband of any obligation as to J. H. because the child's biological father was determined to be Jack Wellborn, who was neither a party to nor served in the prior custody proceeding.

By April 2004, the child had moved to Walton County, Florida, where her mother and father now lived. In July 2006, Wellborn filed a paternity action in the circuit court in Walton County, Florida, seeking sole custody of J. H. Hall answered, and in December 2006, following a hearing in which both parents appeared and were heard, the Florida court awarded the father primary custody and the mother visitation rights.

In October 2007, Hall moved the Florida court to abate its December order, challenging the Florida court's jurisdiction in light of the initial Bibb County custody award. In January 2008, the Florida court denied Hall's motion, and Hall filed the instant action in the Superior Court of Stewart County, Georgia, seeking to enforce the original Bibb County, Georgia order awarding her custody as to the ex-husband (not J. H.'s father). The Stewart County Superior Court ruled that it lacked jurisdiction due to the Florida court's prior exclusive, continuing jurisdiction. Hall now appeals.

Hall contends that the Florida court lacked jurisdiction because the original Bibb County order awarding her custody of J. H. was an initial child custody determination vesting that court with exclusive, continuing jurisdiction over the custody of J. H. pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA). However, because the Florida court determined that both parents and the child resided in Florida (and not in Georgia), the Bibb County, Georgia court lost exclusive, continuing jurisdiction.

---

[1] OCGA § 19-9-40 et seq.

In 2001, the State of Georgia adopted the UCCJEA, replacing its prior child custody act,

> because, in application, imprecision in [the prior act's] language often allowed for the existence of concurrent jurisdiction over custody matters in multiple states, thereby fostering competition among jurisdictions and forum shopping by the parties. The UCCJEA now remedies these earlier unintended problems by establishing continuing jurisdiction in the state in which the original custody decree was entered.[2]

Therefore, under the UCCJEA, a Georgia court that makes an initial child custody determination generally will have exclusive, continuing jurisdiction over custody matters.[3]

However, the Act provides for two exceptions to a court's retention of exclusive, continuing jurisdiction where:

> (1) A court of this state determines that neither the child nor the child's parents . . . has a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

> (2) A court of this state or a court of another state determines that neither the child nor the child's parents or any person acting as a parent presently resides in this state.[4]

Here, Hall argues that the Bibb County court was vested with exclusive, continuing jurisdiction over the custody of J. H. when that court made its initial custody award as to her ex-husband (who was not J. H.'s father). Pretermitting whether this is correct,[5] the record shows that both parents admitted in the Florida action that they and the child resided in Florida and, based on this, the Florida court

---

[2] *Fish v. Fish*, 266 Ga. App. 224, 225, n. 1 (596 SE2d 654) (2004).

[3] See id. at 226; OCGA § 19-9-62 (a). Florida has enacted similar legislation. See Fla. Stat. § 61.501 et seq.

[4] OCGA § 19-9-62 (a).

[5] Even though the father was not a party to or served in that action, we note that the UCCJEA provides that "[p]hysical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination." OCGA § 19-9-61 (c). But see OCGA § 19-9-45 (child custody determinations under the UCCJEA bind only "persons who have been served . . . or notified . . . or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard").

determined that it had jurisdiction over the matter.[6] Although Hall now, as she did before the Florida court, disputes that she ever stopped residing in Georgia, the Florida court rejected that argument after receiving evidence and argument on the issue.[7] Therefore, because "a court of another state determine[d] that neither the child nor the child's parents . . . presently reside[d] in"[8] Georgia, the Bibb County court lost continuing, exclusive jurisdiction (if it ever had such jurisdiction by virtue of Hall's prior divorce proceeding). Accordingly, in light of the prior Florida action, the Superior Court of Stewart County, Georgia did not err in dismissing Hall's petition for lack of jurisdiction under the UCCJEA.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 10, 2009.

Elizabeth A. Hall, *pro se.*

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellee.

---

[6] This is consistent with Hall's August 2006 final divorce decree in Bibb County Georgia, which reflects her "hometown" as being located in Florida.

[7] Hall's remedy in that case was to appeal the Florida court's determination; it is undisputed that she did not do so. See also *Steckel v. Blafas*, 549 S2d 1211, 1214 (Fla. App. 1989) (holding that "New York lacked jurisdiction to modify its original custody decree after the child and the contestants moved from New York, and that Florida does have jurisdiction under the UCCJA").

[8] OCGA § 19-9-62 (a) (2).