A09A1500. MURILLO v. MURILLO.
(684 SE2d 126)

ANDREWS, Presiding Judge.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (OCGA § 19-9-40 et seq.), Alex Murillo,

a Georgia resident, filed a petition in May 2008 in the Fulton County Superior Court asking the Court to modify its prior child custody order by granting him physical custody of his 14-year-old son in accordance with the child's selection of him (under OCGA § 19-9-3 (a) (5)) as the parent with whom the child desired to live. The petition was served on Mr. Murillo's ex-wife, Monica Murillo, who was initially awarded physical custody of the child by the Court's July 1997 decree granting the parties' divorce, and who has resided in North Carolina with the child since February 2002. Mr. Murillo appeals from the Court's order granting Ms. Murillo's motion pursuant to OCGA § 19-9-67 for the Court to decline to exercise its jurisdiction under the UCCJEA on the basis that it is an inconvenient forum and that a North Carolina court is a more appropriate forum. For the following reason, we vacate the Court's order declining to exercise jurisdiction and remand.

It is undisputed that the Fulton County Superior Court rendered a prior child custody determination consistent with the UCCJEA, and that Mr. Murillo is a Georgia resident with significant connection to the State. It follows that the Fulton County Superior Court "has exclusive, continuing jurisdiction" under the UCCJEA over the present modification petition. OCGA § 19-9-62 (a); *Fish v. Fish*, 266 Ga. App. 224 (596 SE2d 654) (2004); *Upchurch v. Smith*, 281 Ga. 28, 29 (635 SE2d 710) (2006). Nevertheless, OCGA § 19-9-67 (a) provides that a court with jurisdiction under the UCCJEA

> may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

Subsection (b) of OCGA § 19-9-67 further provides:

> Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
> (1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> (2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Devito v. Devito*, 280 Ga. 367, 368, n. 2 (628 SE2d 108) (2006) (under OCGA § 19-9-67, a Georgia court with continuing, exclusive jurisdiction under the UCCJEA may determine that it is an inconvenient forum for further custody considerations). Accordingly, under OCGA § 19-9-67, before a Georgia court with jurisdiction under the UCCJEA determines whether it is an inconvenient forum, the court must first consider whether it is appropriate for another state's court to exercise jurisdiction, and, for this purpose, OCGA § 19-9-67 (b) requires that the court "shall allow the parties to submit information and shall consider all relevant factors," including all the factors listed in OCGA § 19-9-67 (b) (1) thru (8).

After Ms. Murillo moved pursuant to OCGA § 19-9-67 for the Fulton County Superior Court to decline to exercise jurisdiction as an inconvenient forum, the Court gave the parties notice of a hearing on the motion and conducted a hearing at which the parties had an opportunity to submit relevant information. The Court's written order granting the motion shows that the Court considered evidence and undisputed facts in the record relating to the factors listed in OCGA § 19-9-67 (b) (2), (3), (5), and (6). But we find nothing in the record showing that the Court complied with the statutory requirement that it "shall consider" the remaining factors listed in OCGA § 19-9-67 (b).

The language in OCGA § 19-9-67 (b) requiring that the court "shall consider" the factors listed in OCGA § 19-9-67 (b) (1) thru (8) before determining whether it is an inconvenient forum, is similar to the requirement in Georgia's forum non conveniens statute, OCGA § 9-10-31.1, which provides that, before declining jurisdiction, the court "shall give consideration" to the seven factors listed in OCGA § 9-10-31.1 (a) (1) thru (7). In construing OCGA § 9-10-31.1, we found that, when a Georgia court with jurisdiction and venue over an action exercises its discretion under the statute to decline

jurisdiction on the ground of forum non conveniens, the statutory requirement that the court "shall give consideration" to the seven listed factors "mandates that a trial court consider and weigh the factors listed therein as part of its decision-making process, and, consequently, it is an abuse of discretion for the trial court not to address each of the seven factors." *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 246 (614 SE2d 875) (2005). We further held that, in order to ensure that the court's decision-making process was guided by the statutory requirements, the court "must make specific findings either in writing or orally on the record demonstrating that the court has considered all seven of the factors set forth in OCGA § 9-10-31.1 (a)." Id. at 248-249; *Fed. Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006); *Kennestone Hosp. v. Lamb*, 288 Ga. App. 289-290 (653 SE2d 858) (2007).

We conclude that the same rules apply to a court considering whether it should decline jurisdiction under the UCCJEA as an inconvenient forum in accordance with OCGA § 19-9-67. Because the Fulton County Superior Court failed to consider all eight factors listed in OCGA § 19-9-67 (b) (1) thru (8), the Court abused its discretion in deciding to decline its jurisdiction under the UCCJEA. The Court also erred by failing to make specific findings on the record demonstrating that it considered all relevant factors in accordance with the statute. We vacate the Court's order and remand the case for the Court to consider all relevant factors, including all the factors listed in OCGA § 19-9-67 (b), and for the Court to make specific findings on the record, either in writing or orally, demonstrating consideration of these factors.

We find no merit to Mr. Murillo's argument that the Court improperly considered the change in Georgia's 14-year-old selection law as a relevant factor in its decision. Mr. Murillo's motion to modify custody was based on his 14-year-old son's selection of him as the parent with whom the child desired to live. Since the motion was filed in August 2008, the selection issue was governed in Georgia by the revised provisions of OCGA § 19-9-3 (a) (5), effective for all proceedings filed on or after January 1, 2008. Ga. L. 2007, p. 554, § 8. Under the revised statute, a child who has reached 14 years of age has the right to select which parent to live with, and this selection "shall be presumptive unless the parent so selected is determined not to be in the best interests of the child." OCGA § 19-9-3 (a) (5). At the hearing, the Court simply recognized that the selection issue was not governed by the prior statute, which provided that the 14-year-old child's right to select which parent to live with was controlling absent a finding by the court that the selected parent was unfit to have custody. *Walker v. Walker*, 248 Ga. App. 177 (546 SE2d 315) (2001) (explaining the operation of the former statute). It

was not improper for the Court to consider that, because Mr. Murillo's fitness as a parent was no longer the controlling custody issue, this affected the nature and location of the relevant evidence. OCGA § 19-9-67 (b) (6).

Contrary to Mr. Murillo's contention, the fact that Ms. Murillo filed a motion for contempt in the Fulton County Superior Court after filing her motion pursuant to OCGA § 19-9-67 did not estop her from claiming that the Court was an inconvenient forum for the custody proceeding. See *Dyer v. Surratt*, 266 Ga. 220, 221 (466 SE2d 584) (1996); *Connell v. Connell*, 222 Ga. 765, 767 (152 SE2d 567) (1966); *Buckholts v. Buckholts*, 251 Ga. 58, 59-61 (302 SE2d 676) (1983).

*Judgment vacated and case remanded. Miller, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 10, 2009.

*Hait & Eichelzer, Elizabeth J. Kuhn*, for appellant.
*Jesus A. Nerio*, for appellee.