## S10A1334. BELLEW v. LARESE.

### (706 SE2d 78)

HINES, Justice.

This Court granted Robert Shelton Bellew's application for discretionary appeal to review the trial court's order dismissing his divorce and custody action. We now reverse the trial court's judgment.

Bellew and Silvia Larese were married in Italy on June 22, 2002. Larese is an Italian national, and Bellew is a citizen of the United States.[1] The couple has a minor child, who was born in Italy on November 12, 2002, and who has dual Italian and United States citizenship. The parents and child resided in Athens-Clarke County from August 2004 to 2007; the couple jointly purchased a home there, declared a homestead exemption for property tax purposes, and filed joint state and federal tax returns.

In May of 2007, Larese left with the child for Italy, on an annual summer visit to her family; they were scheduled to return on August 1, 2007. However, they did not, and on August 1, 2007, Larese filed divorce and custody proceedings in the Tribunale di Firenze, a court of general jurisdiction in Italy; it is undisputed that Bellew was served in this action on November 15, 2007. Bellew filed for divorce on September 17, 2007 in the Superior Court of Athens-Clarke County ("trial court"), with service by publication ordered on October 18, 2007, and an affidavit of publication filed on November 27, 2007. Larese entered a special appearance on November 15, 2007, and referenced the filing in the Tribunale di Firenze; she filed a conditional answer to Bellew's complaint on November 19, 2007.[2]

The trial court conducted a hearing on November 27, 2007 and, that same day, entered a temporary order granting sole legal and physical custody of the child to Bellew; the child remained in Italy. The Tribunale di Firenze conducted a hearing at which Bellew did not appear, and entered an order on February 29, 2008, exercising jurisdiction over the divorce and granting exclusive custody of the child to Larese, with Bellew being allowed visitation. On September

---

[1] Bellew states that he has also acquired Italian citizenship during the pendency of this action.

[2] Bellew also, apparently, initiated a proceeding in Italy to have the child repatriated to him, which was not successful.

15, 2008,[3] Larese moved to stay the trial court's proceedings, and for the trial court to communicate with the Italian courts, asserting that such was required by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). OCGA § 19-9-40 et seq.

On April 15, 2009 the Tribunale di Firenze issued an order reiterating that jurisdiction lay in that tribunal, accepting the application of Georgia law as to divorce, and allowing the case to proceed.[4] The trial court corresponded with the Italian court, and on January 7, 2010, issued an order dismissing Bellew's complaint, stating that "the Italian Court is the proper forum for this action based upon the provisions of the UCCJEA."[5]

Bellew contends that the trial court erred in determining the jurisdictional issue under the UCCJEA.

> Georgia adopted the UCCJEA in 2001, replacing its prior child custody act (the Uniform Child Custody Jurisdiction Act), "because, in application, imprecision in [the prior act's] language often allowed for the existence of concurrent jurisdiction over custody matters in multiple states, thereby fostering competition among jurisdictions and forum shopping by the parties."

*Croft v. Croft*, 298 Ga. App. 303, 305 (1) (680 SE2d 150) (2009). Under OCGA § 19-9-61 (a) (1), a court has jurisdiction to make an initial child custody determination only if the court's state "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state."[6] But,

> a court of this state may not exercise its jurisdiction under this part if, at the time of the commencement of the

---

[3] It appears that personal service on Larese of Bellew's complaint was accomplished in Italy on August 21, 2008.

[4] The order states that the court "orders the termination of the civil effects of the marriage" and that "it will provide that the proceedings continue by means of a separate order." The order states that the law of Georgia is "applicable to the case at hand," but only does so in the context of an analysis of law regarding separation and divorce; it makes no specific reference to applicable law regarding child custody.

[5] On February 3, 2010, the trial court clarified its order to indicate that the case was dismissed as to all issues.

[6] OCGA § 19-9-61 reads:

(a) Except as otherwise provided in Code Section 19-9-64, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the

proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state *having jurisdiction substantially in conformity with this article*; unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Code Section 19-9-67.

OCGA § 19-9-66 (a).[7] (Emphasis supplied.) Under the UCCJEA, a foreign nation is treated in the same manner as would be a sister

---

commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under paragraph (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Code Section 19-9-67 or 19-9-68 and:

(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under paragraph (1) or (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Code Section 19-9-67 or 19-9-68; or

(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3) of this subsection.

(b) Subsection (a) of this Code section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

[7] In its entirety, OCGA § 19-9-66 reads:

(a) Except as otherwise provided in Code Section 19-9-64, a court of this state may not exercise its jurisdiction under this part if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this article; unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Code Section 19-9-67.

(b) Except as otherwise provided in Code Section 19-9-64, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Code Section 19-9-69. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this article, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this article does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

(c) In a proceeding to modify a child custody determination, a court of this state shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceeding to enforce a child custody determination has been commenced in another state, the court may:

(1) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement;

state of the United States. OCGA § 19-9-44.[8] A foreign child custody determination must be enforced if it was made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA. OCGA § 19-9-44 (b). Accordingly, the question is whether the expression of jurisdiction by the Italian court was done in substantial compliance with the UCCJEA.

Under the UCCJEA, a court's subject matter jurisdiction to make an initial child custody determination is heavily dependent on the question of whether the court is of a state that is the child's "home state." See OCGA § 19-9-61; *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (1) (690 SE2d 397) (2010). "Home state" is defined as:

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

OCGA § 19-9-41 (7). Thus, Georgia is the only state, including Italy, that can qualify as the "home state" of the child at the time either the Italian custody proceeding, or the Georgia proceeding, was commenced, and at the time the trial court entered its initial child custody order. Accordingly, the trial court had jurisdiction to make the initial custody determination under the UCCJEA, and no other court did. OCGA § 19-9-61 (a) & (b).

Nonetheless, Larese asserts that under OCGA § 19-9-66 (a), the trial court could not have exercised its jurisdiction because, although Italy has not adopted the UCCJEA, the expression of jurisdiction by the Tribunale di Firenze was "substantially in conformity with" the UCCJEA.[9] However, that is not the case. The Tribunale di Firenze

---

(2) Enjoin the parties from continuing with the proceeding for enforcement; or

(3) Proceed with the modification under conditions it considers appropriate.

[8] OCGA § 19-9-44 reads:

(a) A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this part and Part 2 of this article.

(b) Except as otherwise provided in subsection (c) of this Code section, a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this article must be recognized and enforced under Part 3 of this article.

(c) A court of this state need not apply this article if the child custody law of a foreign country violates fundamental principles of human rights.

[9] The trial court's order dismissing the case did not recognize its own jurisdiction, but then decline to exercise it based on a determination under OCGA § 19-9-67 that the Tribunale

determined that it had jurisdiction over the divorce (and, apparently, all attendant matters) on two bases: that the wedding was performed in Italy, and that at least one spouse was an Italian citizen. But, the Tribunale di Firenze undertook no analysis of the home state of the child, or of any other factors that could be considered a substitute for such; it simply found that the prerequisites for jurisdiction over a divorce action were met. Under the UCCJEA, however, "[p]hysical presence of, or personal jurisdiction over, a party or a child is not necessary *or sufficient* to make a child custody determination." OCGA § 19-9-61 (c). (Emphasis supplied.) Thus, under the UCCJEA, the jurisdictional inquiry entered into by the Tribunale di Firenze must be deemed insufficient.

Larese asserts that this analysis essentially requires not "substantial conformity" on the part of the Italian court with the jurisdictional standards of the UCCJEA, but complete conformity. We do not agree. The failing that we find in the Tribunale di Firenze's expression of jurisdiction is not simply that it applied a standard different from that of the UCCJEA to determine what was the proper forum for consideration of custody matters, but that it essentially applied no standard, merely sought an answer to the simplest question; whether facts existed which met the basis for jurisdiction in that court. Although Larese points to facts in the case that show certain contacts between Italy, the parties, and the litigation, such as the child's Italian citizenship, these facts were no part of the inquiry by the Tribunale di Firenze, and we cannot say that they serve to demonstrate that the Tribunale di Firenze's expression of jurisdiction over the child custody issue is "substantially in conformity with" the UCCJEA.

While nothing in the record demonstrates that Larese took the child from Georgia to Italy for a scheduled trip, and then prepared and filed divorce proceedings in that nation with the *intention* of seeking a forum that might be more friendly to her suit, that is a specter raised by a finding that jurisdiction having been found in Italy, such was "substantially in conformity with" the jurisdictional requirements of the UCCJEA. And, one purpose of the UCCJEA is to combat parental forum shopping. *Croft*, supra. See also *Fish v. Fish*, 266 Ga. App. 224, 225, n. 1 (596 SE2d 654) (2004). Accord *Garcia v. Gutierrez*, 217 P3d 591, 594 (N.M. 2009); *In the Matter of Custody of A. C.*, 200 P3d 689, 691 (Wash. 2009). If this Court were to find that

---

di Firenze was a more convenient forum. See *Murillo v. Murillo*, 300 Ga. App. 61 (684 SE2d 126) (2009). The trial court's order recites that the court communicated with "the Italian tribunal . . . [and] now determines that the Italian Court is the proper forum for this action based upon the provisions of the UCCJEA. Having determined that *jurisdiction properly lies with the Italian Court*, the above-styled action is hereby DISMISSED." (Emphasis supplied.)

the jurisdictional finding by the Tribunale di Firenze in this case sufficed under the UCCJEA, it would render meaningless the statutory requirement that a court of this state defer to the court of another state only if that court had "jurisdiction substantially in conformity" with the UCCJEA. See OCGA § 19-9-66 (b).

The trial court erred in dismissing the complaint on the ground that jurisdiction properly lay with the Tribunale di Firenze.[10]

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 7, 2011.

*Regina M. Quick*, for appellant.

*Timmons, Warnes & Anderson, Christopher T. Anderson*, for appellee.

---

[10] The trial court filed a subsequent order clarifying that its dismissal of the case was to all matters, including divorce and property issues. This was also error. See *Holtsclaw v. Holtsclaw*, 269 Ga. 163 (496 SE2d 262) (1998); *Abernathy v. Abernathy*, 267 Ga. 815 (482 SE2d 265) (1997).