**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 11, 2013**

# In the Court of Appeals of Georgia

A12A2065. LUCADO v. COHERD.

McFADDEN, Judge.

This appeal is from a trial court order transferring a child custody case to a court in another state. Because the trial court did not make specific statutorily-required findings on the record, we vacate the transfer order and remand the case to the trial court.

The record shows that Krystal Lucado and Hugh Coherd were divorced in 2000 in the State of Georgia, with the final divorce decree awarding physical custody of their minor children to Lucado and granting liberal visitation to Coherd. In 2004, the Fulton County Superior Court modified the divorce decree by entering a final order on custody and visitation. In 2011, Lucado filed the instant petition for modification of visitation in Fulton County Superior Court. Coherd moved to dismiss the action,

claiming that Georgia no longer had jurisdiction because the parties resided in Maryland. Lucado filed a motion for a hearing on the matter. But the trial court, after a brief telephone conversation with a judge in Maryland, entered an order denying Lucado's motion for a hearing and transferring the action to a circuit court in Maryland. Lucado appeals.

The parties agree that the instant modification action is governed by OCGA § 19-9-67. Pursuant to OCGA § 19-9-67 (a), a court with jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.), "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." However, OCGA § 19-9-67 (b) further provides that

> [b]efore determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and *shall consider* all relevant factors, including: (1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) The length of time the child has resided outside this state; (3) The distance between the court in this state and the court in the state that would assume jurisdiction; (4) The relative financial circumstances of the parties; (5) Any agreement of the parties as to which state should assume jurisdiction; (6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (7) The ability of the court of each state to decide the issue expeditiously

2

and the procedures necessary to present the evidence; and (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

(Emphasis supplied.)

Lucado asserts that the trial court erred in failing to make specific findings on the record regarding these eight statutory factors. Coherd concedes that the trial court's order did not specifically discuss the eight factors, but he contends that the court was not required to do so because no party requested that the court make findings of facts and conclusions of law. However, in *Murillo v. Murillo*, 300 Ga. App. 61, 63-64 (684 SE2d 126) (2009), this court held that the language of OCGA § 19-9-67 is mandatory and requires a trial court to consider and weigh the eight factors listed therein; that it is an abuse of discretion for the trial court not to address each of those factors; and that in order to ensure that the court's decision-making process was guided by the statutory requirements, the court must make specific findings either in writing or orally on the record demonstrating that the court has considered all eight of the factors.

Accordingly, the trial court erred by failing to make specific findings on the record demonstrating that it considered all eight of the relevant factors in accordance with the statute. "We [therefore] vacate the [c]ourt's order and remand the case for

the [c]ourt to consider . . . all the factors listed in OCGA § 19-9-67 (b), and for the [c]ourt to make specific findings on the record, either in writing or orally, demonstrating consideration of these factors." *Murillo*, supra at 64.

*Judgment vacated and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*