FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 10, 2014**

# In the Court of Appeals of Georgia

A13A2324. ODION v. ODION.

McFADDEN, Judge.

Gege Odion appeals the trial court's order determining that it is an inconvenient forum and declining to exercise jurisdiction over this action for change of custody and contempt. We conclude that the trial court did not abuse its discretion in considering the eight factors of OCGA § 19-9-67 (b), the child custody inconvenient forum statute, and declining to exercise jurisdiction. We therefore affirm.

In a proceeding in the Superior Court of Gwinnett County, Gege Odion and Titlayo Odion were divorced in 2003, and physical custody of their two children was awarded to Titlayo Odion. Titlayo Odion and the children moved from Georgia in 2003, first to New Jersey and then, in 2011, to Texas. Gege Odion filed this action in

2012, seeking, among other things, physical custody of the children. Titlayo Odion filed a "Motion to Dismiss for Inconvenient Forum," along with an answer and counterclaim for contempt. After conducting a hearing, the trial court entered an order declining to exercise jurisdiction, staying the matter, and administratively closing it.

1. *Inconvenient forum.*

Gege Odion challenges the trial court's decision declining to exercise jurisdiction. Pursuant to OCGA § 19-9-67 (a),

> a court with jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.) may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. However, OCGA § 19-9-67 (b) further provides [that b]efore determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including: (1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) The length of time the child has resided outside this state; (3) The distance between the court in this state and the court in the state that would assume jurisdiction; (4) The relative financial circumstances of the parties; (5) Any agreement of the parties as to which state should assume jurisdiction; (6) The nature and location of the evidence required

2

to resolve the pending litigation, including testimony of the child; (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Lucado v. Coherd*, 320 Ga. App. 241, 242 (739 SE2d 749) (2013) (punctuation and emphasis omitted). "[I]n order to ensure that the court's decision-making process was guided by the statutory requirements, the court must make specific findings either in writing or orally on the record demonstrating that the court has considered all eight of the factors." Id. at 242-243.

Here, the trial court found that it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, OCGA § 19-9-40 et seq., because it had rendered a prior custody determination in the parties' divorce case in 2003 and because Gege Odion is a resident of Georgia with significant ties to the state. See OCGA § 19-9-62 (a). But the court determined that it was an inconvenient forum and made specific, written findings in its order, demonstrating that it considered the eight factors. Gege Odion challenges the trial court's consideration of and findings on several of the factors.

(a) Gege Odion enumerates as error the trial court's finding that an order evincing family violence existed in the record. Yet in the argument section of his brief, Gege Odion acknowledges that family violence orders exist in the record; he merely challenges the evidence supporting those orders. At the hearing, the trial court heard Titlayo Odion's testimony about occurrences of family violence. Based in part on this testimony, the trial court found that "acts of family violence have occurred in the past and are likely to continue." In this bench trial, "the trial court acted as finder of fact as well as determiner of the law, and was free to ascertain for itself the credibility of the witnesses." *Smith v. Smith*, 281 Ga. 380, 382 (1) (637 SE2d 662) (2006). And "[t]he trial court's factual findings will be upheld if there is any evidence to support them." *Alejandro v. Alejandro*, 282 Ga. 453 (1) (651 SE2d 62) (2007) (citation omitted). As Titlayo Odion's testimony supports the trial court's factual findings, Gege Odion has not shown error.

(b) Gege Odion argues that the trial court erred when it relied on the length of time the children had resided outside Georgia and their distance from Georgia when reaching its decision. But OCGA § 19-9-67 (b) (2) and (3) required the trial court to consider these factors in reaching its decision. See *Lucado*, 320 Ga. App. at 242.

4

(c) Gege Odion argues that the trial court erred when it relied on Titlayo Odion's testimony concerning her financial condition. OCGA § 19-9-67 (b) (4) requires the court to consider "[t]he relative financial circumstances of the parties" when making its ruling, and the trial court did so based on the testimony. Gege Odion challenges the veracity of that testimony. As noted above, however, the trial court "was free to ascertain for itself the credibility of the witnesses." *Smith*, 281 Ga. at 382 (1). As some evidence supports the trial court's finding of the parties' financial circumstances, Gege Odion has not shown error.

(d) Gege Odion argues that the trial court erred in finding that Texas, where Titlayo Odion and the children have lived since 2011, is a better forum given the location of evidence. Titlayo Odion testified that there were witnesses in Texas that she would call, including the children's teachers, their healthcare providers and the 12- and 13-year-old children themselves. This evidence supports the trial court's finding on this factor.

(e) Gege Odion argues that the trial court erred when it decided that Texas is a better forum to expeditiously decide the issues. The trial court found that because the witnesses and evidence required to resolve the issues are in Texas, except for

Gege Odion himself, Texas would be in a better position to expeditiously decide the issues. Gege Odion has not shown that the trial court erred.

After weighing the eight factors, the trial court found that Gwinnett County, Georgia is an inconvenient forum and that a court of Texas is the more appropriate forum to hear Gege Odion's petition. Gege Odion has not shown that the trial court abused its discretion. See *Murillo v. Murillo*, 300 Ga. App. 61, 64 (684 SE2d 126) (2009) (applying an abuse of discretion standard to a court's decision under OCGA § 19-9-67 to decline to exercise jurisdiction).

2. *Remaining enumerations of error.*

Given our affirmance of the trial court's order declining to exercise jurisdiction, we do not address Gege Odion's enumerations of error concerning the merits of his petition to change custody or his motion to add Titlayo Odion's mother as a party to this action.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*