**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 17, 2017**

# In the Court of Appeals of Georgia

A17A0929. PLUMMER v. PLUMMER.                          DO-037

DOYLE, Judge.

Christopher Plummer ("the father") appeals the dismissal of his custody modification action, arguing that the superior court erred by determining that it lacked jurisdiction to modify custody pursuant to OCGA § 19-9-62 (a) (2). For the following reasons, we affirm.

The procedural history in this case is undisputed. The father and Elia Marie Plummer ("the mother") were divorced on December 12, 2013, in Camden County, Georgia, and they were granted joint legal custody of their minor son, with the mother having primary physical custody. At the time of the divorce, the mother and the child had moved to Florida; the father remained in Georgia. Thereafter, the father filed a

motion for contempt in Camden County, and the superior court granted the motion on April 30, 2015.[1]

On May 21, 2015, the father filed a modification action in Camden County. On July 8, 2016, following a telephone conference with counsel and the guardian ad litem, the trial court entered a temporary order, granting the father additional visitation, including a month of summer visitation. On August 19, 2016, the mother filed a motion to dismiss for lack of jurisdiction pursuant to OCGA § 19-9-62 (a) (2). In his memorandum in opposition to the motion, the father conceded that due to military obligations he moved to Virginia on July 1, 2016, and he alleged that on August 29, 2016, the mother moved to Arizona with the child. The superior court granted the motion dismiss, concluding that it lost subject matter jurisdiction pursuant to OCGA § 19-9-62 (a) (2) because neither the child nor the parents resided in Georgia. This appeal followed.

---

[1] The Georgia court found that the mother engaged in a pattern of alienation; failed to place the father's name on school paperwork or to include him in therapy appointments; filed for an injunction in Florida to restrict the father's visitation; and accused the father of child abuse. The court concluded that the actions filed by the mother against the father in Florida "were dismissed or found to be unsubstantiated," and it awarded the father an additional week of summer visitation for the 2015 summer.

In 2001, Georgia adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),[2] replacing its predecessor

> because, in application, imprecision in [the prior act's] language often allowed for the existence of concurrent jurisdiction over custody matters in multiple states, thereby fostering competition among jurisdictions and forum shopping by the parties. The UCCJEA now remedies these earlier unintended problems by establishing continuing jurisdiction in the state in which the original custody decree was entered.[3]

"Therefore, under the UCCJEA, a Georgia court that makes an initial child custody determination generally will have exclusive, continuing jurisdiction over custody matters."[4] OCGA § 19-9-62 (a) provides, however, that such jurisdiction shall continue until

> (1) A court of this state determines that neither the child nor the child's parents or any person acting as a parent has a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

---

[2] OCGA § 19-9-40 et. seq.

[3] *Fish v. Fish*, 266 Ga. App. 224, 225, n. 1 (596 SE2d 654) (2004).

[4] *Hall v. Wellborn*, 295 Ga. App. 884, 885 (673 SE2d 341) (2009), citing *Fish*, 266 Ga. App. at 226; OCGA § 19-9-62 (a).

(2) *A court of this state* or a court of another state *determines that neither the child nor the child's parents* or any person acting as a parent *presently resides in this state.*[5]

Section (b) of this Code section provides: "A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this Code section may modify that determination only if it has jurisdiction to make an initial determination under Code Section 19-9-61."

Here, the superior court concluded that it lost jurisdiction pursuant to OCGA § 19-9-62 (a) (2) because "neither the child nor the parents now reside in Georgia," finding that "the [father] lives in Virginia, [and] the [mother] lives in Florida with the child." Once the superior court determined that OCGA § 19-9-62 (a) (2) applied, it no longer had exclusive, continuing jurisdiction under the UCCJEA.[6] And the superior court did not have jurisdiction to modify custody under OCGA § 19-9-62 (b)

---

[5] (Emphasis supplied.)

[6] See *Hall*, 295 Ga. App. at 886; *Fish*, 266 Ga. App. at 226 ("[P]ursuant to [OCGA § 19-9-62 (a)], the [s]uperior [c]ourt . . . retains exclusive, continuing jurisdiction over the . . . custody matter until it determines that [subsections (1) or (2)] is present."

because it would not have had jurisdiction to make an initial determination under

OCGA § 19-9-61.[7]

The father argues that the superior court erred by dismissing his petition

because subject matter jurisdiction attached at the time he filed the modification

_____

[7] OCGA § 19-9-61 (a) provides that "a court of this state has jurisdiction to make an initial child custody determination only if: (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; (2) A court of another state does not have jurisdiction under paragraph (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Code Section 19-9-67 or 19-9-68 and: (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and (B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships; (3) All courts having jurisdiction under paragraph (1) or (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Code Section 19-9-67 or 19-9-68; or (4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3) of this subsection." None of these bases would provide a basis for jurisdiction in this case. We note that under OCGA § 19-9-67 (a), "[a] court of this state which has jurisdiction under this article to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court." The appellate record does not contain such a motion, nor does the trial court refer to it in its order.

5

petition, relying upon the official comment to UCCJEA § 202[8] and cases from other jurisdictions.[9] OCGA § 19-9-101 provides: "In applying and construing [the UCCJEA], consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." And we have previously recognized that "[i]n accordance with this mandate, and given the relative dearth of Georgia law on this subject, we will look to the cases of other jurisdictions when appropriate to resolve the issues presented in [a case involving the UCCJEA]."[10] Cases of other jurisdictions and the comments are not, however, binding,[11] particularly if they conflict with the plain wording of a Georgia statute.

---

[8] A portion of the comment to UCCJEA § 202 provides: "Jurisdiction attaches at the commencement of a proceeding. If State A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the State prior to the conclusion of proceeding. State B would not have jurisdiction to hear a modification unless State A decided that State B was more appropriate under Section 207."

[9] The father cites *S. K. C. v. J. L. C.*, 94 A3d 402 (Pa. 2014), and *Wahlke v. Pierce*, 392 SW3d 426 (Ky. 2013).

[10] *Kogel v. Kogel*, 337 Ga. App. 137, 140 (786 SE2d 518) (2016), citing *Delgado v. Combs*, 314 Ga. App. 419, 425 (724 SE2d 436) (2012).

[11] See *State Farm Fire & Cas. Co. v. American Hardware Mut. Ins. Co.*, 224 Ga. App. 789, 792 (3) (482 SE2d 714) (1997) ("[T]he decisions of other jurisdictions are not binding on this Court and will be followed only when they are determined to be consistent with the orderly and fair development of the law of this state.")

Under our well-established rules of statutory construction, we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. In our interpretation of statutes, we thus look to the text of the provision in question and its context within the larger legal framework to discern the intent of the legislature in enacting it.[12]

Here, the plain language of the statute provides that a Georgia court that makes an initial child custody determination generally will have continuing, exclusive jurisdiction until "[a] court of this state determines that neither the child nor the child's parents . . . presently resides in this state."[13] Having made such a determination and lacking jurisdiction to modify custody under OCGA § 19-9-62 (b), the superior court did not err by dismissing the father's modification petition.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[12] (Citation and punctuation omitted.) *Jackson v. Sanders*, 299 Ga. 332, 334 (788 SE2d 387) (2016), quoting *Deal v. Coleman*, 294 Ga. 170, 172-173 (751 SE2d 337) (2013).

[13] OCGA § 19-9-62 (a) (2).