Miller, Presiding Judge, dissenting.
I cannot agree with the majority's conclusion that the trial court erred in its decision not to defer to the Turkish court's custody order. Accordingly, I respectfully dissent.
Before deferring to another nation's custody determination, our courts must determine that the custody finding was made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA. OCGA § 19-9-44 (b) ; Bellew , supra, 288 Ga. at 496-497, 706 S.E.2d 78. In this regard, we consider only the other nation's "expression of jurisdiction." Bellew , supra, 288 Ga. at 498, 706 S.E.2d 78.
Here, the only evidence in the record of the Turkish proceeding includes a translation of the Turkish court's order, stating "[t]he custody of the joint child of the Parties ... shall be granted to the Plaintiff, the mother of the child, temporarily pursuant to Article 169 of the Turkish Civil Code." The translation contains no "expression of jurisdiction." Indeed, it contains no analysis regarding jurisdiction at all. Based on the order, the trial court could not determine what standard the Turkish court relied on to exert jurisdiction or even whether the Turkish court conducted any jurisdictional analysis. Bellew , supra, 288 Ga. at 499, 706 S.E.2d 78 ("Although [the mother] points to facts in the case that show certain contacts between Italy, the parties, and the litigation ... these facts were no part of the inquiry by the Tribunale di Firenze, and we cannot say that they serve to demonstrate that the Tribunale di Firenze's expression of jurisdiction over the child custody issue is "substantially in conformity with" the UCCJEA."). Moreover, if we conclude, as other courts do, that "substantial conformity" means an opportunity to be heard, there is no evidence in the record that Vladi even received service of process in the Turkish suit.
Thus, I would agree with the trial court that the Turkish court's order does not contain an "expression of jurisdiction" substantially in conformity with the UCCJEA, and I would only remand the case for the trial court to consider Esra's claim that the Georgia court was an inconvenient forum. See Bellew , 288 Ga. at 499, 706 S.E.2d 78 ; OCGA § 19-9-67 (b).