**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 12, 2019**

# In the Court of Appeals of Georgia

A19A1523. IN THE INTEREST OF A. L. et al., minor children.

GOBEIL, Judge.

This appeal was filed by the appellant-mother, Allison Madourie, to challenge the juvenile court's order dismissing her motion seeking reunification and change of child custody based on the court's determination that Georgia is an inconvenient forum for adjudicating the claims. Because the juvenile court failed to make specific findings on the record demonstrating that it considered the eight factors in OCGA § 19-9-67 (b), and also erred by dismissing the motion, we vacate the juvenile court's order and remand the case for further proceedings consistent with the requirements of OCGA § 19-9-67 (b) and (c).

The record shows that Appellant is the mother of two minor children, A. L. (born on November 1, 2010) and J. L. (born on October 2, 2008). In January 2015,

while the children resided in Georgia, the Henry County Department of Family and Children Services ("DFCS") filed a dependency action in the Henry County Juvenile Court and the children were removed from Appellant's custody.[1] On June 17, 2015, the juvenile court awarded temporary custody of the children to their biological father.[2] Shortly thereafter, the children and their father moved to and became residents of Florida.[3]

Pursuant to the parties' agreement, Appellant exercised visitation with the children at her residence in Georgia for two months during summers and two weeks during the Christmas holidays. On June 19, 2017, while the children were visiting in Georgia, Appellant filed a "Motion for Reunification and Change of Custody" in the

[1] The documents from the dependency proceeding have not been included in our appellate record. Accordingly, we are unable to decipher the underlying facts and status of the dependency proceeding. We accept Appellant's statement of facts to the extent that they are uncontroverted by Appellee's brief. See Court of Appeals Rule 25 (b) (1) ("Except as controverted, appellant's statement of facts may be accepted by this Court as true.").

[2] After temporary custody was awarded to the father, DFCS closed its case. DFCS was not involved in the adjudication of Appellant's motion, and the Georgia Department of Human Services filed a Notice of Non-Participation in this appeal.

[3] The record evidence indicates that the children temporarily resided with their paternal aunts in New York for a period of five months, from late September 2016 until February 2017. In February 2017, the children returned to Florida, where they continued to live with the father.

juvenile court dependency case. In support of the motion, Appellant requested that several fact witnesses be allowed to testify remotely by telephone or other video conferencing methods since they were out of state and unable to appear personally at the hearing.

During the hearing on Appellant's motion, the juvenile court inquired into its own jurisdiction and ultimately declined to exercise jurisdiction based upon its conclusion that Georgia no longer was a convenient forum to resolve the issue. The court noted that the children have lived, attended school, and received counseling in Florida for more than two years; most of the witnesses lived outside of Georgia; and, DFCS and the guardian ad litem in Georgia did not have direct access to review the children's school or counseling records and home environment in Florida.

Following entry of the dismissal order, the instant appeal ensued. Appellant asserts that the juvenile court erred in ruling that Georgia is no longer a convenient forum and erred in dismissing her motion on that basis.[4]

---

[4] In her enumerations of error, Appellant also questions whether the juvenile court retained jurisdiction in the dependency proceeding, when the custodial parent and children no longer resided in Georgia. Notably, however, the juvenile court did not rule that it lacked jurisdiction over the matter. To the contrary, the court indicated that it could exercise jurisdiction over the dependency case until the issue of dependency was resolved or the children became 18 years of age. See OCGA § 15-11-214 (a)-(c) (providing that a disposition order in a dependency proceeding shall

Appellant's motion relating to child custody fell within the purview of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). See OCGA § 19-9-41 (4) (the definition of a "child custody proceeding" under the UCCJEA includes a child dependency proceeding in which the issue of child custody may appear); *In the Interest of J. S. J.*, 253 Ga. App. 174, 177 (1) (558 SE2d 763) (2002) (applying former definitions statute and ruling that the UCCJEA governs a proceeding regarding child dependency in which child custody is one of many issues).

---

continue in force until the purposes of the order have been accomplished or when a child adjudicated as a dependent child reaches 18 years of age). The court nevertheless declined to exercise its jurisdiction based on the inconvenient forum determination. Because Appellant did not obtain an adverse ruling on the alleged jurisdictional question, and the appellate record does not contain documents establishing the status of the dependency adjudication, we cannot review Appellant's claim of error. See *Smith v. Stacey*, 281 Ga. 601, 602 (1) (642 SE2d 28) (2007) ("It is axiomatic that one can not complain of that which is favorable to him.") (citation and punctuation omitted); *Aqua Sun Investments. v. Kendrick*, 240 Ga. App. 671, 672 (1) (524 SE2d 519) (1999) ("The party appealing bears the burden of proving error by the record. . . .When an appellant fails to compile a complete record of what transpired at the trial level, appellate review is effectively precluded.") (citations omitted).

The juvenile court's decision that it was an inconvenient forum is thus governed by OCGA § 19-9-67 of the UCCJEA.

Under OCGA § 19-9-67 (a), "[a] court of this state which has jurisdiction under [the UCCJEA] may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Subsection (b) of the statute further provides:

Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

OCGA § 19-9-67 (b). A trial court abuses its discretion in deciding to decline its jurisdiction under the UCCJEA when it fails to make specific findings on the record demonstrating that it considered all relevant factors in accordance with this statute. *Murillo v. Murillo*, 300 Ga. App. 61, 64 (684 SE2d 126) (2009).

Here, the juvenile court failed to make specific findings demonstrating its consideration of all of the factors in OCGA § 19-9-67 (b) (1) through (8). Consequently, we must vacate the juvenile court's order and remand the case for further proceedings that will allow the parties to present evidence and the court to enter specific findings on the record as to the eight statutory factors. See *Murillo*, 300 Ga. App. at 64 (vacating the trial court's order and remanding the case for the trial court to make specific findings on the record, either in writing or orally, demonstrating consideration of the factors listed in OCGA § 19-9-67 (b)).

6

Moreover, the juvenile court's order erroneously dismissed Appellant's motion based on its conclusion that Georgia is an inconvenient forum. According to OCGA § 19-9-67 (c), "[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper." Accordingly, in the event that the juvenile court determines that it is an inconvenient forum, after evaluating the requisite eight statutory factors, the proceedings must be stayed, rather than dismissed, pending the commencement of proceedings in another designated state.

In light of the aforementioned procedural errors, we must vacate the trial court's order and remand the case for further proceedings consistent with the instructions set forth herein.

*Judgment vacated and case remanded with instruction. Dillard, P. J., and Hodges, J., concur.*